# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 03/16/2020 03:53:23 PM.
30-2020-01138792-CU-OE-CXC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CARTER'S RETAIL, INC., a Corporation; and Does 1 through 50,
Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NATHAN CHRISTENSEN, an individual, on behalf of himself and on
behalf of all persons similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. .
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>Complex<br>751 W. Santa Ana Blvd., Santa Ana, CA 92702 | CASE NUMBER:<br>*30-2020-01138792-CU-OE-CXC* |
|---|---|

Judge Randall J. Sherman

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman B. Blumenthal     (Bar # 68687)
Blumenthal Nordrehaug Bhowmik De Blouw 2255 Calle Clara, La Jolla, CA 92037

Fax No.: (858) 551-1232
Phone No.: (858) 551-1223

DATE: 03/16/2020          DAVID H. YAMASAKI, Clerk of the Court          Clerk, by _____ Georgina Ramirez _____ , Deputy
*(Fecha)*                          *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):*   CARTER'S RETAIL, INC.

   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

Electronically Filed by Superior Court of California, County of Orange, 03/16/2020 03:53:23 PM.
30-2020-01138792-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

1  **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  Nicholas J. De Blouw (State Bar #280922)
   2255 Calle Clara
4  La Jolla, CA 92037
   Telephone: (858) 551-1223
5  Facsimile: (858) 551-1232
   Website: www.bamlawca.com
6                                                    Assigned for all purpuses
7  Attorneys for Plaintiff
                                                     Judge Randall J. Sherman
8
                   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
                     **IN AND FOR THE COUNTY OF ORANGE**
10
   NATHAN CHRISTENSEN, an individual,       Case No. 30-2020-01138792-CU-OE-CXC
11 on behalf of himself and on behalf of all
   persons similarly situated,              **CLASS ACTION COMPLAINT FOR:**
12                                          1. UNFAIR COMPETITION IN VIOLATION OF
              Plaintiff,                     CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;
13                                          2. FAILURE TO PAY OVERTIME WAGES IN
   vs.                                       VIOLATION OF CAL. LAB. CODE §§ 510, *et*
14                                           *seq.*;
   CARTER'S RETAIL, INC., a Corporation;    3. FAILURE TO PAY MINIMUM WAGES IN
15 and Does 1 through 50, Inclusive;         VIOLATION OF CAL. LAB. CODE §§ 1194, 1197
                                             & 1197.1;
16            Defendants.                    4. FAILURE TO PROVIDE REQUIRED MEAL
                                             PERIODS IN VIOLATION OF CAL. LAB. CODE
17                                           §§ 226.7 & 512 AND THE APPLICABLE IWC
                                             WAGE ORDER;
18                                          5. FAILURE TO PROVIDE REQUIRED REST
                                             PERIODS IN VIOLATION OF CAL. LAB. CODE
19                                           §§ 226.7 & 512 AND THE APPLICABLE IWC
                                             WAGE ORDER;
20                                          6. FAILURE TO REIMBURSE EMPLOYEES
                                             FOR REQUIRED EXPENSES IN VIOLATION OF
21                                           CAL. LAB. CODE § 2802;
                                            7. FAILURE TO PROVIDE ACCURATE
22                                           ITEMIZED STATEMENTS IN VIOLATION OF
                                             CAL. LAB. CODE § 226;
23                                          8. VIOLATION OF CALIFORNIA LABOR CODE
                                             § 1198 AND CALIFORNIA CODE OF
24                                           REGULATIONS, TITLE 8, SECTION 1 1070(14)
                                             (FAILURE TO PROVIDE SEATING); and,
25                                          9. VIOLATION OF THE PRIVATE ATTORNEYS
                                             GENERAL ACT [LABOR CODE §§ 2698, *et seq.*]
26
                                            **DEMAND FOR A JURY TRIAL**
27
28                                                                          CX-105
                                  1
   ─────────────────────────────────────────────────

Plaintiff Nathan Christensen ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.     Defendant Carter's Retail, Inc. ("DEFENDANT") is a Corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.     DEFENDANT is a major American designer and marketer of children's apparel. DEFENDANT was founded in 1865 by William Carter.

3.     PLAINTIFF has been employed by DEFENDANT in California as a non-exempt employee entitled to overtime pay and meal and rest periods since November of 2015. PLAINTIFF has been at all times relevant mentioned herein classified by DEFENDANT as a non-exempt employee paid in whole or in part on an hourly basis and received additional compensation from DEFENDANT in the form of non-discretionary incentive wages, including, but not limited to, commission wages.

4.     PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning on the date  four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.     PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees for all their overtime worked.  DEFENDANT's

2

1  policy and practice alleged herein is an unlawful, unfair and deceptive business practice
2  whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other
3  members of the CALIFORNIA CLASS.   PLAINTIFF and the other members of the
4  CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the
5  future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS
6  who have been economically injured by DEFENDANT's past and current unlawful conduct,
7  and all other appropriate legal and equitable relief.

8      6.    The true names and capacities, whether individual, corporate, subsidiary,
9  partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently
10  unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant
11  to Cal. Civ. Proc. Code § 474.  PLAINTIFF will seek leave to amend this Complaint to allege
12  the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.
13  PLAINTIFF is informed and believes, and based upon that information and belief alleges, that
14  the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are
15  responsible in some manner for one or more of the events and happenings that proximately
16  caused the injuries and damages hereinafter alleged.

17      7.    The agents, servants and/or employees of the Defendants and each of them acting
18  on behalf of the Defendants acted within the course and scope of his, her or its authority as the
19  agent, servant and/or employee of the Defendants, and personally participated in the conduct
20  alleged herein on behalf of the Defendants with respect to the conduct alleged herein.
21  Consequently, the acts of each Defendant are legally attributable to the other Defendants and
22  all Defendants are jointly and severally liable to PLAINTIFF and the other members of the
23  CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the
24  Defendants' agents, servants and/or employees.

25
26                            **THE CONDUCT**

27      8.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues
28

CLASS ACTION COMPLAINT

1   to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA

2   CLASS for their overtime worked. DEFENDANT unlawfully and unilaterally failed to

3   accurately calculate wages for overtime worked by PLAINTIFF and other members of the

4   CALIFORNIA CLASS in order to avoid paying these employees the correct overtime

5   compensation. As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS

6   forfeited wages due them for working overtime without compensation at the correct overtime

7   rates. DEFENDANT's policy and practice to not pay the members of the CALIFORNIA

8   CLASS the correct overtime rate for all overtime worked in accordance with applicable law is

9   evidenced by DEFENDANT's business records. This policy and practice of DEFENDANT was

10  intended to purposefully avoid the payment of the correct overtime compensation as required

11  by the California Labor Code which allowed DEFENDANT to illegally profit and gain an unfair

12  advantage over competitors who complied with the law.

13       9.      During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately

14  record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount

15  of time these employees worked. Pursuant to the Industrial Welfare Commission Wage Orders,

16  DEFENDANT is required to pay PLAINTIFF and other CALIFORNIA CLASS Members for

17  all time worked, meaning the time during which an employee was subject to the control of an

18  employer, including all the time the employee was permitted or suffered to permit this work.

19  DEFENDANT required these employees to work off the clock without paying them for all the

20  time they were under DEFENDANT's control. Specifically, DEFENDANT required

21  PLAINTIFF to work while clocked out during what was supposed to be PLAINTIFF's off-duty

22  meal break. PLAINTIFF was from time to time interrupted by work assignments. Indeed there

23  were many days where PLAINTIFF did not even receive a partial lunch. As a result,

24  PLAINTIFF and other CALIFORNIA CLASS Members forfeited minimum wage and overtime

25  compensation by regularly working without their time being accurately recorded and without

26  compensation at the applicable minimum wage and overtime rates. To the extent that the time

27  worked off the clock did not qualify for overtime premium payment, DEFENDANT failed to

28

4

CLASS ACTION COMPLAINT

1   pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194,

2   1197, and 1197.1.

3       10.   DEFENDANT also requires PLAINTIFF and CALIFORNIA CLASS Members

4   to work off the clock without paying them for all the time they are under DEFENDANT's

5   control.   PLAINTIFF and CALIFORNIA CLASS Members would clock out of

6   DEFENDANT's timekeeping system, in order to perform additional work for DEFENDANT

7   as required to meet DEFENDANT's job requirements.  Specifically, during the CALIFORNIA

8   CLASS PERIOD, DEFENDANT engages in the practice of requiring PLAINTIFF and

9   CALIFORNIA CLASS Members to perform work off the clock after clocking out in that

10  DEFENDANT, as a condition of employment, requires these employees to wait for and submit

11  to loss prevention inspections after clocking out for meal breaks and at the end of each

12  scheduled shift for which DEFENDANT does not provide compensation for time spent waiting

13  for and submitting to DEFENDANT's loss prevention inspections off the clock.  As a result,

14  PLAINTIFF and other CALIFORNIA CLASS Members forfeit minimum wage, overtime wage

15  compensation, and meal break wages, by working without their time being correctly recorded

16  and without compensation at the applicable rates.  DEFENDANT's policy and practice not to

17  pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced

18  by DEFENDANT's business records.

19      11.   State and federal law provides that employees must be paid overtime at one-and-

20  one-half times their "regular rate of pay."  PLAINTIFF and other CALIFORNIA CLASS

21  Members were compensated at an hourly rate plus incentive pay that was tied to specific

22  elements of an employee's performance including but not limited to commission wages..

23      12.   The second component of PLAINTIFF's and other CALIFORNIA CLASS

24  Members' compensation was DEFENDANT's non-discretionary incentive program that paid

25  PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their

26  performance for DEFENDANT.   The non-discretionary incentive program provided all

27  employees paid on an hourly basis with incentive compensation when the employees met the

28

1   various performance goals set by DEFENDANT. However, when calculating the regular rate

2   of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members,

3   DEFENDANT failed to include the incentive compensation as part of the employees' "regular

4   rate of pay" for purposes of calculating overtime pay. Management and supervisors described

5   the incentive program to potential and new employees as part of the compensation package. As

6   a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA

7   CLASS Members must be included in the "regular rate of pay." The failure to do so has

8   resulted in an underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA

9   CLASS Members by DEFENDANT.

10          13.     In violation of the applicable sections of the California Labor Code and the

11   requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT

12   intentionally and knowingly failed to compensate PLAINTIFF and the other members of the

13   CALIFORNIA CLASS at the correct rate of pay for all overtime worked. This policy and

14   practice of DEFENDANT is intended to purposefully avoid the payment of the correct overtime

15   compensation as required by California law which allowed DEFENDANT to illegally profit and

16   gain an unfair advantage over competitors who complied with the law. To the extent equitable

17   tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the

18   CALIFORNIA CLASS PERIOD should be adjusted accordingly.

19          14.     As a result of their rigorous work schedules, PLAINTIFF and other

20   CALIFORNIA CLASS Members were from time to time unable to take off duty meal breaks

21   and were not fully relieved of duty for meal periods. PLAINTIFF and other CALIFORNIA

22   CLASS Members were from time to time required to perform work as ordered by

23   DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal

24   break. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS

25   Members with a second off-duty meal period from time to time in which these employees were

26   required by DEFENDANT to work ten (10) hours of work. PLAINTIFF and the other

27   CALIFORNIA CLASS Members therefore forfeited meal breaks without additional

28

6

1 compensation and in accordance with DEFENDANT's corporate policy and practice.

2    15.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other
3 CALIFORNIA CLASS Members were from time to time also required to work in excess of four
4 (4) hours without being provided ten (10) minute rest periods.  Further, these employees were
5 denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two
6 (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts
7 worked of between six (6) and eight (8) hours, and a first, second and third rest period of at
8 least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time.
9 PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour
10 wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other
11 CALIFORNIA CLASS Members were periodically denied their proper rest periods by
12 DEFENDANT and DEFENDANT's managers. Additionally, the applicable California Wage
13 Order requires employers to provide employees with off-duty rest periods, which the California
14 Supreme Court defined as time during which an employee is relieved from all work related
15 duties and free from employer control.  In so doing, the Court held that the requirement under
16 California law that employers authorize and permit all employees to take rest period means that
17 employers must relieve employees of all duties and relinquish control over how employees
18 spend their time which includes control over the locations where employees may take their rest
19 period. Employers cannot impose controls that prohibit an employee from taking a brief walk -
20 five minutes out, five minutes back.  Here, DEFENDANT's policy restricts PLAINTIFF and
21 other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on
22 Defendant's policy that requires PLAINTIFF and CALIFORNIA CLASS Member's to remain
23 on the premises during their rest periods.

24    16.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify
25 PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses
26 incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence
27 of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section

28

7

1  2802, employers are required to indemnify employees for all expenses incurred in the course
2  and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall
3  indemnify his or her employee for all necessary expenditures or losses incurred by the employee
4  in direct consequence of the discharge of his or her duties, or of his or her obedience to the
5  directions of the employer, even though unlawful, unless the employee, at the time of obeying
6  the directions, believed them to be unlawful."

7      17.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS
8  Members as a business expense, are required by DEFENDANT to use their own personal
9  cellular phones as a result of and in furtherance of their job duties as employees for
10  DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated
11  with the use of their personal cellular phones for DEFENDANT's benefit. As a result, in the
12  course of their employment with DEFENDANT the PLAINTIFF and other members of the
13  CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not
14  limited to, costs related to the use of their personal cellular phones, on behalf of and for the
15  benefit of DEFENDANT.

16      18.    Further, PLAINTIFF alleges that the sales counters in DEFENDANT's California
17  stores are generally similar in their layout and design and that there is ample space behind each
18  counter area to allow for the presence and use of a stool or seat by DEFENDANT's non-exempt
19  employees during the performance of their work duties.   DEFENDANT's non-exempt
20  employees working at DEFENDANT's locations spend a very substantial portion, and, in many
21  workdays, the vast majority of their working time behind these counters.  The nature of the
22  work can reasonably be accomplished while using a seat/stool.

23      19.    In violation of the applicable sections of the California Labor Code and the
24  requirements of the applicable Industrial Welfare Commission ("IWC") Wage Order,
25  DEFENDANT intentionally and knowingly fails to provide PLAINTIFF and the other
26  CALIFORNIA CLASS Members suitable seating when the nature of these employees' work
27  reasonably permits sitting.

28

20.    DEFENDANT knew or should have known that PLAINTIFF and other CALIFORNIA CLASS Members were entitled to suitable seating and/or were entitled to sit when it did not interfere with the performance of their duties, and that DEFENDANT did not provide suitable seating and/or did not allow them to sit when it did not interfere with the performance of their duties.

21.    By reason of this conduct applicable to PLAINTIFF and all Aggrieved Employees, DEFENDANT violated California Labor Code Section 1198 and Wage Order 4-2001, Section 14 by failing to provide suitable seats.

22.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned and correct amount of time worked. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq.* As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

23.    By reason of this conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately calculate and record the correct overtime rate for the overtime worked by PLAINTIFF and other CALIFORNIA CLASS Members. The proper calculation of these employees' overtime hour rates is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all

1  required overtime compensation for work performed by the members of the CALIFORNIA

2  CLASS and violated the California Labor Code and regulations promulgated thereunder as

3  herein alleged.

4      24.    Specifically as to PLAINTIFF's pay, DEFENDANT provided compensation to

5  him in the form of two components.  One component of PLAINTIFF's compensation was a

6  base hourly wage.   The second component of PLAINTIFF's compensation were non-

7  discretionary incentive wages. DEFENDANT paid the incentive wages, so long as PLAINTIFF

8  met certain predefined performance requirements.   PLAINTIFF met DEFENDANT's

9  predefined eligibility performance requirements in various pay periods throughout his

10  employment with DEFENDANT and DEFENDANT paid PLAINTIFF the non-discretionary

11  incentive wages.   During these pay periods in which PLAINTIFF was paid the non-

12  discretionary incentive wages by DEFENDANT, PLAINTIFF also worked overtime for

13  DEFENDANT, but DEFENDANT never included the incentive compensation in PLAINTIFF's

14  regular rate of pay for the purposes of calculating what should have been PLAINTIFF's

15  accurate overtime rate and thereby underpaid PLAINTIFF for overtime worked throughout his

16  employment with DEFENDANT.   The incentive compensation paid by DEFENDANT

17  constituted wages within the meaning of the California Labor Code and thereby should have

18  been part of PLAINTIFF's "regular rate of pay."   PLAINTIFF was also from time to time

19  unable to take off duty meal and rest breaks and was not fully relieved of duty for his meal

20  periods. PLAINTIFF was required to perform work as ordered by DEFENDANT for more than

21  five (5) hours during a shift without receiving an off-duty meal break.  Further, DEFENDANT

22  failed to provide PLAINTIFF with a second off-duty meal period from time to time in which

23  he was required by DEFENDANT to work ten (10) hours of work.   PLAINTIFF therefore

24  forfeited meal and rest breaks without additional compensation and in accordance with

25  DEFENDANT's corporate policy and practice. DEFENDANT also provided PLAINTIFF with

26  a pay stub that failed to accurately display PLAINTIFF's correct rates of overtime pay and

27  payments for missed meal and rest periods for certain pay periods in violation of Cal. Lab. Code

28

CLASS ACTION COMPLAINT

§ 226(a).  The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

25.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

26.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

## THE CALIFORNIA CLASS

27.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning on the date four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

28.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

29.    The California Legislature has commanded that "all wages... ...earned by any

11

1  person in any employment are due and payable twice during each calendar month, on days

2  designated in advance by the employer as the regular paydays", and further that "[a]ny work

3  in excess of eight hours in one workday and any work in excess of 40 hours in any one

4  workweek . . . shall be compensated at the rate of no less than one and one-half times the

5  regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).) The Industrial Welfare

6  Commission (IWC), however, is statutorily authorized to "establish exemptions from the

7  requirement that an overtime rate of compensation be paid... ...for executive, administrative, and

8  professional employees, provided [inter alia] that the employee is primarily engaged in duties

9  that meet the test of the exemption, [and] customarily and regularly exercises discretion and

10  independent judgment in performing those duties..." (Lab. Code § 510(a).) Neither the

11  PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA

12  LABOR SUB-CLASS qualify for exemption from the above requirements.

13       30.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare

14  Commission ("IWC") Wage Order requirements, and the applicable provisions of California

15  law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed

16  to correctly calculate and record overtime compensation for overtime worked by PLAINTIFF

17  and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the

18  benefit of this work, required employees to perform this work and permitted or suffered to

19  permit this overtime work.

20       31.    DEFENDANT has the legal burden to establish that each and every

21  CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to

22  accurately calculate the "regular rate of pay" by including the incentive compensation that

23  PLAINTIFF and members of the CALIFORNIA CLASS were awarded by DEFENDANT.

24  DEFENDANT, however, failed to have in place during the CALIFORNIA CLASS PERIOD

25  and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA

26  CLASS Member is paid the applicable overtime rate for all overtime worked, so as to satisfy

27  their burden. This common business practice applicable to each and every CALIFORNIA

28

CLASS ACTION COMPLAINT

CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

32.     At no time during the CALIFORNIA CLASS PERIOD was the compensation for any member of the CALIFORNIA CLASS properly recalculated so as to compensate the employee for all overtime worked at the applicable rate, as required by California Labor Code §§ 204 and 510, *et seq.*  At no time during the CALIFORNIA CLASS PERIOD was the overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so as to include all earnings in the overtime compensation calculation as required by California Labor Code §§ 510, *et seq.*

33.     The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

34.     DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

     (a)   Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to pay all minimum and overtime wages due the CALIFORNIA CLASS for all time worked, and failed to accurately record the applicable rates of all overtime worked by the CALIFORNIA CLASS;

     (b)   Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly, and/or deceptively having in place a company policy, practice and procedure that failed to correctly calculate overtime compensation due to PLAINTIFF and the members of the CALIFORNIA CLASS;

     (c)   Committing an act of unfair competition in violation of the California

13

Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, by failing to pay the correct federal overtime wages to the PLAINTIFF and the members of the CALIFORNIA CLASS as legally required by the FLSA, and retaining the unpaid federal overtime to the benefit of DEFENDANT;

(d)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by failing to provide mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members; and,

(e)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

35.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was subjected to the employment practices of DEFENDANT and was a non-exempt employee

14

CLASS ACTION COMPLAINT

paid on an hourly basis and paid additional non-discretionary incentive wages who was subjected to the DEFENDANT's practice and policy which fails to pay the correct rate of overtime wages due to the CALIFORNIA CLASS for all overtime worked by the CALIFORNIA CLASS and thereby underpays overtime compensation to the CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair misconduct engaged in by DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

36.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the

15
CLASS ACTION COMPLAINT

CALIFORNIA CLASS; and/or,

2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due. Including the correct overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA CLASS in

1       individually controlling the prosecution or defense of separate

2       actions in that the substantial expense of individual actions will be

3       avoided to recover the relatively small amount of economic losses

4       sustained by the individual CALIFORNIA CLASS Members when

5       compared to the substantial expense and burden of individual

6       prosecution of this litigation;

7    2) Class certification will obviate the need for unduly duplicative

8       litigation that would create the risk of:

9       A.  Inconsistent or varying adjudications with respect to

10          individual members of the CALIFORNIA CLASS, which

11          would establish incompatible standards of conduct for the

12          DEFENDANT; and/or,

13      B.  Adjudications with respect to individual members of the

14          CALIFORNIA CLASS would as a practical matter be

15          dispositive of the interests of the other members not parties

16          to the adjudication or substantially impair or impede their

17          ability to protect their interests;

18   3) In the context of wage litigation because a substantial number of

19      individual CALIFORNIA CLASS Members will avoid asserting

20      their legal rights out of fear of retaliation by DEFENDANT, which

21      may adversely affect an individual's job with DEFENDANT or

22      with a subsequent employer, the Class Action is the only means to

23      assert their claims through a representative; and,

24   4) A class action is superior to other available methods for the fair

25      and efficient adjudication of this litigation because class treatment

26      will obviate the need for unduly and unnecessary duplicative

27      litigation that is likely to result in the absence of certification of

28

1          this action pursuant to Cal. Code of Civ. Proc. § 382.

2          37.    This Court should permit this action to be maintained as a Class Action pursuant

3    to Cal. Code of Civ. Proc. § 382 because:

4          (a)    The questions of law and fact common to the CALIFORNIA CLASS

5                 predominate over any question affecting only individual CALIFORNIA

6                 CLASS Members because the DEFENDANT's employment practices are

7                 applied with respect to the CALIFORNIA CLASS;

8          (b)    A Class Action is superior to any other available method for the fair and

9                 efficient adjudication of the claims of the members of the CALIFORNIA

10                CLASS because in the context of employment litigation a substantial

11                number of individual CALIFORNIA CLASS Members will avoid

12                asserting their rights individually out of fear of retaliation or adverse

13                impact on their employment;

14         (c)    The members of the CALIFORNIA CLASS are so numerous that it is

15                impractical to bring all members of the CALIFORNIA CLASS before the

16                Court;

17         (d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be

18                able to obtain effective and economic legal redress unless the action is

19                maintained as a Class Action;

20         (e)    There is a community of interest in obtaining appropriate legal and

21                equitable relief for the acts of unfair competition, statutory violations and

22                other improprieties, and in obtaining adequate compensation for the

23                damages and injuries which DEFENDANT's actions have inflicted upon

24                the CALIFORNIA CLASS;

25         (f)    There is a community of interest in ensuring that the combined assets of

26                DEFENDANT are sufficient to adequately compensate the members of

27                the CALIFORNIA CLASS for the injuries sustained;

28
                                            18
                                  CLASS ACTION COMPLAINT

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

38.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

39.     PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth and Seventh causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period beginning on the date three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

40.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed

19

to correctly calculate overtime compensation for the overtime worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work. DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members overtime wages at the correct amount to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

41.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

42.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

43.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

      (a)   Whether DEFENDANT unlawfully failed to correctly calculate and pay overtime compensation to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

      (b)   Whether the members of the CALIFORNIA LABOR SUB-CLASS are entitled to overtime compensation for overtime worked under the overtime pay requirements of California law;

      (c)   Whether DEFENDANT failed to accurately record the applicable overtime rates for all overtime worked PLAINTIFF and the other

1    members of the CALIFORNIA LABOR SUB-CLASS;

2    (d)   Whether DEFENDANT failed to provide PLAINTIFF and the other
3          members of the CALIFORNIA LABOR SUB-CLASS with legally
4          required uninterrupted thirty (30) minute meal breaks and rest periods;

5    (e)   Whether DEFENDANT failed to provide PLAINTIFF and the other
6          members of the CALIFORNIA LABOR SUB-CLASS with accurate
7          itemized wage statements;

8    (f)   Whether DEFENDANT has engaged in unfair competition by the
9          above-listed conduct;

10   (g)   The proper measure of damages and penalties owed to the members of the
11         CALIFORNIA LABOR SUB-CLASS; and,

12   (h)   Whether DEFENDANT's conduct was willful.

13   44.   DEFENDANT failed to accurately calculate overtime compensation for the
14   CALIFORNIA LABOR SUB-CLASS Members and failed to provide accurate records of the
15   applicable overtime rates for the overtime worked by these employees.   All of the
16   CALIFORNIA LABOR SUB-CLASS Members, including PLAINTIFF, were non-exempt
17   employees who were paid on an hourly basis by DEFENDANT according to company
18   procedures as alleged herein above.   This business practice was applied to each and every
19   member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this
20   conduct can be adjudicated on a class-wide basis.

21   45.   DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS
22   under California law by:

23   (a)   Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay
24         PLAINTIFF and the members of the CALIFORNIA LABOR SUB-
25         CLASS the correct overtime pay for which DEFENDANT is liable
26         pursuant to Cal. Lab. Code § 1194 & § 1198;

27   (b)   Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to

28

1    accurately pay PLAINTIFF and the members of the CALIFORNIA

2    LABOR SUB-CLASS the correct minimum wage pay for which

3    DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

4    (c)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide

5    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

6    CLASS with all legally required off-duty, uninterrupted thirty (30) minute

7    meal breaks and the legally required rest breaks; and,

8    (d)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the

9    members of the CALIFORNIA LABOR SUB-CLASS with an accurate

10   itemized statement in writing showing all accurate and applicable

11   overtime rates in effect during the pay period and the corresponding

12   amount of time worked at each overtime rate by the employee; and,

13   (e)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

14   the CALIFORNIA LABOR SUB-CLASS members with necessary

15   expenses incurred in the discharge of their job duties.

16   46.    This Class Action meets the statutory prerequisites for the maintenance of a Class

17   Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

18   (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

19   so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

20   Members is impracticable and the disposition of their claims as a class

21   will benefit the parties and the Court;

22   (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

23   that are raised in this Complaint are common to the CALIFORNIA

24   LABOR SUB-CLASS and will apply to every member of the

25   CALIFORNIA LABOR SUB-CLASS;

26   (c)    The claims of the representative PLAINTIFF are typical of the claims of

27   each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,

28
                                    22
                          CLASS ACTION COMPLAINT

like all the other members of the CALIFORNIA LABOR SUB-CLASS, was a non-exempt employee paid on an hourly basis and paid additional non-discretionary incentive wages who was subjected to the DEFENDANT's practice and policy which failed to pay the correct rate of overtime wages due to the CALIFORNIA LABOR SUB-CLASS for all overtime worked. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d)   The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

47.   In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)   Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties

23

opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)  Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)  The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT failed to pay all wages due. Including the correct overtime rate, for all overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)  Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)  The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

24

CLASS ACTION COMPLAINT

2)  Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.  Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)  In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)  A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

48.  This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)  The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual

25

CLASS ACTION COMPLAINT

1        CALIFORNIA LABOR SUB-CLASS Members;

2    (b)   A Class Action is superior to any other available method for the fair and

3          efficient adjudication of the claims of the members of the CALIFORNIA

4          LABOR SUB-CLASS because in the context of employment litigation a

5          substantial number of individual CALIFORNIA LABOR SUB-CLASS

6          Members will avoid asserting their rights individually out of fear of

7          retaliation or adverse impact on their employment;

8    (c)   The members of the CALIFORNIA LABOR SUB-CLASS are so

9          numerous that it is impractical to bring all members of the CALIFORNIA

10         LABOR SUB-CLASS before the Court;

11   (d)   PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

12         Members, will not be able to obtain effective and economic legal redress

13         unless the action is maintained as a Class Action;

14   (e)   There is a community of interest in obtaining appropriate legal and

15         equitable relief for the acts of unfair competition, statutory violations and

16         other improprieties, and in obtaining adequate compensation for the

17         damages and injuries which DEFENDANT's actions have inflicted upon

18         the CALIFORNIA LABOR SUB-CLASS;

19   (f)   There is a community of interest in ensuring that the combined assets of

20         DEFENDANT are sufficient to adequately compensate the members of

21         the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

22   (g)   DEFENDANT has acted or refused to act on grounds generally applicable

23         to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

24         wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

25         CLASS as a whole;

26   (h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily

27         ascertainable from the business records of DEFENDANT.     The

28                                    26

CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members classified as non-exempt employees during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

**FIRST CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

49.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

50.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

51.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

52.    By the conduct alleged herein, DEFENDANT has engaged and continues to

27

engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 210, 226.7, 510, 512, 1194, 1197, 1197.1, 1198 & 2802 for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

53.     By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

54.     By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to pay PLAINTIFF, and other members of the CALIFORNIA CLASS, minimum and overtime wages for all time worked, failed to accurately to record the applicable rate of all overtime worked, and failed to provide the required amount of overtime compensation due to a miscalculation of the overtime rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

55.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

56.     By the conduct alleged herein, DEFENDANT's practices were also unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide

1    mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members.

2         57.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each

3    CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty

4    meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

5    for each workday in which a second off-duty meal period was not timely provided for each ten

6    (10) hours of work.

7         58.    PLAINTIFF further demands on behalf of himself and on behalf of each

8    CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off duty

9    paid rest period was not timely provided as required by law.

10        59.    By and through the unlawful and unfair business practices described herein,

11   DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the

12   other members of the CALIFORNIA CLASS, including earned wages for all overtime worked,

13   and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

14   detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

15   to unfairly compete against competitors who comply with the law.

16        60.    All the acts described herein as violations of, among other things, the Industrial

17   Welfare Commission Wage Orders, the California Code of Regulations, and the California

18   Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

19   oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

20   deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

21        61.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

22   and do, seek such relief as may be necessary to restore to them the money and property which

23   DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

24   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

25   unfair business practices, including earned but unpaid wages for all overtime worked.

26        62.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

27   entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

28

                                        29

1   and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

2   engaging in any unlawful and unfair business practices in the future.

3       63.     PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

4   speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

5   of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

6   As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

7   other members of the CALIFORNIA CLASS have suffered and will continue to suffer

8   irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

9   engage in these unlawful and unfair business practices.

10

11              **SECOND CAUSE OF ACTION**

12            **For Failure To Pay Overtime Compensation**

13            **[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

14      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

15                      **Defendants)**

16      64.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

17   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

18   of this Complaint.

19      65.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

20   bring a claim for DEFENDANT's willful and intentional violations of the California Labor

21   Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

22   accurately calculate the applicable rates for all overtime worked by PLAINTIFF and other

23   members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly

24   compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked,

25   including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in

26   any workweek.

27      66.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

28

                          30

1    public policy, an employer must timely pay its employees for all hours worked.

2        67.    Cal. Lab. Code § 510 further provides that employees in California shall not be

3    employed more than eight (8) hours per workday and/or more than forty (40) hours per

4    workweek unless they receive additional compensation beyond their regular wages in amounts

5    specified by law.

6        68.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

7    including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab.

8    Code § 1198 further states that the employment of an employee for longer hours than those

9    fixed by the Industrial Welfare Commission is unlawful.

10        69.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and

11    CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by

12    DEFENDANT to work for DEFENDANT and were not paid for all the time they worked,

13    including overtime work. Moreover, DEFENDANT maintained a wage practice of paying

14    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without

15    regard to the correct amount of overtime worked and correct applicable overtime rate for the

16    amount of overtime they worked.  As set forth herein, DEFENDANT's policy and practice was

17    to unlawfully and intentionally deny timely payment of wages due for the overtime worked by

18    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, and

19    DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for

20    all overtime worked.

21        70.    DEFENDANT's unlawful wage and hour practices manifested, without

22    limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

23    implementing a policy and practice that denied accurate compensation to PLAINTIFF and the

24    other members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked, including,

25    the work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any

26    workweek.

27        71.    In committing these violations of the California Labor Code, DEFENDANT

28

inaccurately calculated the amount of overtime worked and the applicable overtime rates and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

72. As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for all overtime worked.

73. Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, the PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

74. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

75. DEFENDANT failed to accurately pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's business records and witnessed by employees.

76. By virtue of DEFENDANT's unlawful failure to accurately pay all earned

32

compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

77.     DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

78.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

79.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, including overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

**THIRD CAUSE OF ACTION**

**For Failure To Pay Minimum Wages**

**[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

80.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

81.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum and reporting time wages to PLAINTIFF and CALIFORNIA CLASS Members.

82.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

83.     Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

84.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

85.     DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

86.     DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

34

1     implementing a policy and practice that denies accurate compensation to PLAINTIFF and the

2     other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

3          87.     In committing these violations of the California Labor Code, DEFENDANT

4     inaccurately calculated the correct time worked and consequently underpaid the actual time

5     worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS.

6     DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

7     benefits in violation of the California Labor Code, the Industrial Welfare Commission

8     requirements and other applicable laws and regulations.

9          88.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

10     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not

11     receive the correct minimum wage compensation for their time worked for DEFENDANT.

12          89.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

13     required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

14     Members to work without paying them for all the time they were under DEFENDANT's control.

15     Moreover, during the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

16     other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that

17     they were entitled to, constituting a failure to pay all earned wages.

18          90.     By virtue of DEFENDANT's unlawful failure to accurately pay all earned

19     compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

20     CLASS for the true time they worked, PLAINTIFF and the other members of the

21     CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

22     injury in amounts which are presently unknown to them and which will be ascertained

23     according to proof at trial.

24          91.     DEFENDANT knew or should have known that PLAINTIFF and the other

25     members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time

26     worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,

27     to not pay employees for their labor as a matter of company policy, practice and procedure, and

28

1   DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members

2   of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

3       92.     In performing the acts and practices herein alleged in violation of California labor

4   laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

5   all time worked and provide them with the requisite compensation, DEFENDANT acted and

6   continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

7   members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for

8   their legal rights, or the consequences to them, and with the despicable intent of depriving them

9   of their property and legal rights, and otherwise causing them injury in order to increase

10   company profits at the expense of these employees.

11       93.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

12   therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as

13   well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided

14   by the California Labor Code and/or other applicable statutes.  DEFENDANT's conduct as

15   alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other

16   CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

17

18   **FOURTH CAUSE OF ACTION**

19   **For Failure to Provide Required Meal Periods**

20   **[Cal. Lab. Code §§ 226.7 & 512 ]**

21   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

22   **Defendants)**

23       94.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

24   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

25   of this Complaint.

26       95.     During the CALIFORNIA CLASS PERIOD, from time to time, DEFENDANT

27   failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other

28

1    CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and

2    Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR

3    SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their

4    duties for the legally required off-duty meal periods.  As a result of their rigorous work

5    schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

6    time to time not fully relieved of duty by DEFENDANT for their meal periods.  Additionally,

7    DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

8    Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced

9    by DEFENDANT's business records.  Further, DEFENDANT failed to provide PLAINTIFF

10    and CALIFORNIA LABOR SUB-CLASS Members with a second off-duty meal period from

11    time to time in which these employees were required by DEFENDANT to work ten (10) hours

12    of work As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-

13    CLASS therefore forfeited meal breaks without additional compensation and in accordance with

14    DEFENDANT's strict corporate policy and practice.

15         96.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

16    IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

17    CLASS Members who were not provided a meal period, in accordance with the applicable

18    Wage Order, one additional hour of compensation at each employee's regular rate of pay for

19    each workday that a meal period was not provided.

20         97.    As a proximate result of the aforementioned violations, PLAINTIFF and

21    CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

22    to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

23    suit.

24    ///

25    ///

26    ///

27    ///

28
                                         37
                            CLASS ACTION COMPLAINT

**FIFTH CAUSE OF ACTION**

For Failure to Provide Required Rest Periods

[Cal. Lab. Code §§ 226.7 & 512 ]

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

98.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

99.     PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

100.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

101.     As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

CLASS ACTION COMPLAINT

1  suit.

2

3                    **SIXTH CAUSE OF ACTION**

4          **For Failure to Reimburse Employees for Required Expenses**

5                      **[Cal. Lab. Code § 2802]**

6    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

7                              **Defendants)**

8          102.   PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

9    reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

10   of this Complaint.

11         103.   Cal. Lab. Code § 2802 provides, in relevant part, that:

12         An employer shall indemnify his or her employee for all necessary expenditures
           or losses incurred by the employee in direct consequence of the discharge of his
13         or her duties, or of his or her obedience to the directions of the employer, even
           though unlawful, unless the employee, at the time of obeying the directions,
14         believed them to be unlawful.

15         104.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by

16   failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

17   members for required expenses incurred in the discharge of their job duties for DEFENDANT's

18   benefit. DEFENDANT fails to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

19   CLASS members for expenses which include, but are not limited to, costs related to using their

20   personal cellular phones all on behalf of and for the benefit of DEFENDANT. DEFENDANT's

21   policy, practice and procedure is to not reimburse PLAINTIFF and the CALIFORNIA LABOR

22   SUB-CLASS members for expenses resulting from using their personal cellular phones for

23   DEFENDANT within the course and scope of their employment for DEFENDANT.  These

24   expenses are necessary to complete their principal job duties.  As a result, in the course of their

25   employment with DEFENDANT PLAINTIFF and other members of the CALIFORNIA

26   CLASS incurred unreimbursed business expenses which included, but were not limited to, costs

27   related to using their personal cell phones all on behalf of and for the benefit of DEFENDANT.

28                                       39
                            _____
                               CLASS ACTION COMPLAINT

1   These expenses are necessary to complete their principal job duties. DEFENDANT is estopped
2   by DEFENDANT's conduct to assert any waiver of this expectation.  Although these expenses
3   are necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS
4   members, DEFENDANT fails to indemnify and reimburse PLAINTIFF and the CALIFORNIA
5   LABOR SUB-CLASS members for these expenses as an employer is required to do under the
6   laws and regulations of California.

7        105.   PLAINTIFF therefore demands reimbursement for expenditures or losses incurred
8   by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job
9   duties for DEFENDANT, or their obedience to the directions of DEFENDANT.

10

11                    **SEVENTH CAUSE OF ACTION**
12             **For Failure to Provide Accurate Itemized Statements**
13                     **[Cal. Lab. Code § 226]**
14       **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**
15                         **Defendants)**

16        106.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,
17   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs
18   of this Complaint.

19        107.   Cal. Labor Code § 226 provides that an employer must furnish employees with
20   an "accurate itemized" statement in writing showing:

21        (1) gross wages earned,

22        (2) total hours worked by the employee, except for any employee whose compensation
23        is solely based on a salary and who is exempt from payment of overtime under
24        subdivision (a) of Section 515 or any applicable order of the Industrial Welfare
25        Commission,

26        (3) the number of piecerate units earned and any applicable piece rate if the employee
27        is paid on a piece-rate basis,

28
                                    40

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

108.   From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned and correct amount of time worked.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

109.   DEFENDANT knowingly and intentionally failed to comply with Cal. Labor Code § 226, causing injury and damages to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the correct rates for the overtime worked and the amount of employment

41

taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

## **EIGHTH CAUSE OF ACTION**

### **For Failure to Provide Suitable Seating**

**[Cal. Lab. Code § 1198, et seq. & California Code of Regulations, Title 8, Section 11070(14)]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members and Against All Defendants)**

110.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 109 of this Complaint.

111.   California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.

112.   California Labor Code section 1198 requires that " . . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

113.   California Code of Regulations, Title 8, section 11070(14)(A) provides that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats."

114.   California Code of Regulations, Title 8, section 11070(14)(B) provides that "[w]hen employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable

42

1    proximity to the work area and employees shall be permitted to use such seats when it does not

2    interfere with the performance of their duties."

3         115.    DEFENDANT violated California Labor Code section 1198 and California Code

4    of Regulations, Title 8, section 11070(14) because PLAINTIFF and CALIFORNIA LABOR

5    SUB-CLASS members are not permitted to sit, even if they are not engaged in active duties.

6    They are not permitted to sit, even when it will not interfere with the performance of their

7    duties, nor are they provided with suitable seats.

8         116.    PLAINTIFF and CALIFORNIA LABOR SUB-CLASS members are entitled to

9    recover all remedies available for violations of California Labor Code section 1198 and

10    California Code of Regulations, Title 8, section 11070(14).

11         117.    Pursuant to the civil penalties provided for in California Labor Code sections

12    2699 (f) and (g), the State of California, PLAINTIFF and other CALIFORNIA LABOR SUB-

13    CLASS Members are entitled to recover civil penalties of one hundred dollars ($100) for each

14    aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for

15    each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys'

16    fees for violation of California Labor Code section 1198.

17    **NINTH CAUSE OF ACTION**

18    **For Violation of the Private Attorneys General Act**

19    **[Cal. Lab. Code §§ 2698, *et seq.*]**

20    **(By PLAINTIFF and Against All Defendants)**

21         118.    PLAINTIFF incorporates by reference the allegations set forth in paragraphs

22    1-117, supra, as though fully set forth at this point.

23         119.    PAGA is a mechanism by which the State of California itself can enforce state

24    labor laws through the employee suing under the PAGA who do so as the proxy or agent of

25    the state's labor law enforcement agencies.   An action to recover civil penalties under

26    PAGA is fundamentally a law enforcement action designed to protect the public and not to

27    benefit private parties.   The purpose of the PAGA is not to recover damages or restitution,

28

43

but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.   In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be subject to arbitration.

120.   PLAINTIFF, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act, brings this Representative Action on behalf of the State of California with respect to himself and all individuals who worked for DEFENDANT in California and were classified as non-exempt employees (the "AGGRIEVED EMPLOYEES") during the time period of November 13, 2018 until a date as determined by the Court (the "PAGA PERIOD").

121.   On November 13, 2019, PLAINTIFF gave written notice by electronic mail to the Labor and Workforce Development Agency (the "Agency") and by certified mail to the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3.  *See* **Exhibit #1**, attached hereto and incorporated by this reference herein.  The statutory waiting period for PLAINTIFF to add these allegations to the Complaint has expired. As a result, pursuant to Section 2699.3, PLAINTIFF may now commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

122.   The policies, acts and practices heretofore described were and are an unlawful business act or practice because DEFENDANT (a) failed to provide PLAINTIFF and the other AGGRIEVED EMPLOYEES accurate itemized wage statements, (b) failed to properly record and provide legally required meal and rest periods, (c) failed to pay overtime wages, (d) failed to pay minimum wages, (e) failed to provide suitable seating, and (f) failed to reimburse employees for required expenses, all in violation of the applicable Labor Code sections listed in Labor Code Sections §§ 204, 210, 226(a), 226.7, 510, 512, 558(a)(1)(2),

44

CLASS ACTION COMPLAINT

1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 1 1070(14) (Failure to Provide Seating), and the applicable Industrial Wage Order(s), and thereby gives rise to civil penalties as a result of such conduct.[1] PLAINTIFF hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on PLAINTIFF and the other AGGRIEVED EMPLOYEES.

123. All of the conduct and violations alleged herein occurred during the PAGA PERIOD. To the extent that any of the conduct and violations alleged herein did not affect PLAINTIFF during the PAGA PERIOD, PLAINTIFF seeks penalties for those violations that affected other AGGRIEVED EMPLOYEES pursuant to *Carrington v. Starbucks Corp*. 2018 AJDAR 12157 (Certified for Publication 12/19/18).

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

   A) That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

   B) An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

   C) An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

   D) Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to

---

[1] Plaintiff specifically excludes and/or does not allege any claims under California Labor Code §558(a)(3).

1                PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2   2.     On behalf of the CALIFORNIA LABOR SUB-CLASS:

3        A)     That the Court certify the Second, Third, Fourth, Fifth, Sixth and Seventh

4                Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a

5                class action pursuant to Cal. Code of Civ. Proc. § 382;

6        B)     Compensatory damages, according to proof at trial, including compensatory

7                damages for minimum wage and overtime compensation due PLAINTIFF and

8                the other members of the CALIFORNIA LABOR SUB-CLASS, during the

9                applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest

10               thereon at the statutory rate;

11       C)     Meal and rest period compensation pursuant to California Labor Code Section

12               226.7 and the applicable IWC Wage Order;

13       D)     The greater of all actual damages or fifty dollars ($50) for the initial pay

14               period in which a violation occurs and one hundred dollars ($100) per each

15               member of the CALIFORNIA LABOR SUB-CLASS for each violation in a

16               subsequent pay period, not exceeding an aggregate penalty of four thousand

17               dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

18       E)     The amount of the expenses PLAINTIFF and each member of the

19               CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties,

20               plus interest, and costs of suit; and,

21       F)     For liquidated damages pursuant to California Labor Code Sections 1194.2

22               and 1197.

23   3.     On behalf of the State of California and with respect to all AGGRIEVED

24       EMPLOYEES:

25       A)     Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

26               General Act of 2004.

27   4.     On all claims:

28

46

1    A)    An award of interest, including prejudgment interest at the legal rate;

2    B)    Such other and further relief as the Court deems just and equitable; and,

3    C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the law,

4          including, but not limited to, pursuant to Labor Code §226, §1194, and/or §2802.

5

6    Dated: March 16, 2020    BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

7

8                                     /s/ Norman Blumenthal
                                  By: _____
9                                     Norman B. Blumenthal
                                      Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1

## **DEMAND FOR A JURY TRIAL**

2     PLAINTIFF demands a jury trial on issues triable to a jury.

3

4   Dated: March 16, 2020    BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6                                    /s/ Norman Blumenthal
                            By: _____
7                                    Norman B. Blumenthal
                                     Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# EXHIBIT 1

22
23
24
25
26
27
28

CLASS ACTION COMPLAINT

# BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
Web Site: www.bamlawca.com

San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

WRITERS E-MAIL:
Nick@bamlawca.com

WRITERS EXT:
1004

November 13, 2019
CA2026

## VIA ONLINE FILING TO LWDA AND CERTIFIED MAIL TO DEFENDANT

Labor and Workforce Development Agency
Online Filing

Carter's Retail, Inc.
Certified Mail # 70191120000066523939
Cogency Global Inc.
1325 J Street, Suite 1550
Sacramento, CA 95814

Re:    Notice Of Violations Of California Labor Code Sections §§ 204, 210, 226(a), 226.7, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 1 1070(14) (Failure to Provide Seating), Violation of Applicable Industrial Welfare Commission Wage Order(s), and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

"Aggrieved Employees" refers to all individuals who are or previously were employed by Defendant Carter's Retail, Inc. in California and classified as non-exempt employees during the time period of November 13, 2018 until a date as determined by the Court. Our offices represent Plaintiff Nathan Christensen ("Plaintiff"), and other Aggrieved Employees in a lawsuit against Defendant Carter's Retail, Inc. ("Defendant"). Plaintiff has been employed by Defendant in California since November of 2015 as a non-exempt employee entitled to the legally required meal and rest breaks and payment for all time worked under Defendant's control. Defendant, however, unlawfully fails to record and pay Plaintiff and other Aggrieved Employees for all of their time worked, including minimum and overtime wages, and for all of their missed meal and rest breaks. Plaintiff further contends that Defendant fails to provide accurate wage statements to him, and other Aggrieved Employees, in violation of California Labor Code section 226(a). Additionally, Plaintiff contends that Defendant fails to comply with Industrial Wage Order 7(A)(3) in that Defendant fails to keep time records showing when Plaintiff begins and ends each shift and meal period. Further, in connection with Plaintiff's job as a non-exempt employee, Plaintiff regularly works behind a counter, as do other non-exempt employees. Plaintiff performs tasks that reasonably permit sitting, and a seat would not interfere with Plaintiff's performance of any of his tasks that may require him to stand. Defendant fails to provide Plaintiff and other Aggrieved Employees with suitable seats. Said conduct, in addition to the foregoing, as well as the conduct alleged in the incorporated Complaint, violates Labor Code

§§  201, 202, 203, 204, 210, 226(a), 226.7, 510,  512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 1 1070(14) (Failure to Provide Seating), Violation of the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code section 2699.3.

A true and correct copy of the Complaint by Plaintiff against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiff, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (iv) sets forth the illegal practices used by Defendant, is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable Plaintiff to proceed with the Complaint against Defendant as authorized by California Labor Code section 2695, *et seq*. The filing fee of $75 is being mailed to the Department of Industrial Restations Accounting unit with an identification of the Plaintiff, the Defendant and the notice. The lawsuit consists of other Aggrieved Employees. As counsel, our intention is to vigorously prosecute the claims as alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all Aggrieved Employees.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

/s/ *Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

K:\D\Dropbox (NBB)\Pending Litigation\Carter's Retail, Inc. - Christensen\l-paga-01.wpd

1    **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
        Norman B. Blumenthal (State Bar #068687)
2       Kyle R. Nordrehaug (State Bar #205975)
        Aparajit Bhowmik (State Bar #248066)
3    2255 Calle Clara
     La Jolla, CA 92037
4    Telephone: (858)551-1223
     Facsimile: (858) 551-1232
5    Website: www.bamlawca.com

6    Attorneys for Plaintiff

7                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                    **IN AND FOR THE COUNTY OF ORANGE**

9

10   NATHAN CHRISTENSEN, an individual,          Case No._____
     on behalf of himself and on behalf of all
11   persons similarly situated,                 **CLASS ACTION COMPLAINT FOR:**

12                        Plaintiff,             1.  UNFAIR COMPETITION IN VIOLATION
                                                 OF CAL. BUS. & PROF. CODE §§ 17200, *et*
13   vs.                                         *seq.*;
                                                 2.  FAILURE TO PAY OVERTIME WAGES IN
14   CARTER'S RETAIL, INC., a Corporation;       VIOLATION OF CAL. LAB. CODE §§ 510, *et*
     and Does 1 through 50, Inclusive;           *seq.*;
15                                               3.  FAILURE TO PAY MINIMUM WAGES IN
                          Defendants.            VIOLATION OF CAL. LAB. CODE §§ 1194,
16                                               1197 & 1197.1;
                                                 4.  FAILURE TO PROVIDE REQUIRED MEAL
17                                               PERIODS IN VIOLATION OF CAL. LAB.
                                                 CODE §§ 226.7 & 512 AND THE APPLICABLE
18                                               IWC WAGE ORDER;
                                                 5.  FAILURE TO PROVIDE REQUIRED REST
19                                               PERIODS IN VIOLATION OF CAL. LAB.
                                                 CODE §§ 226.7 & 512 AND THE APPLICABLE
20                                               IWC WAGE ORDER;
                                                 6.  FAILURE TO REIMBURSE
21                                               EMPLOYEES FOR REQUIRED
                                                 EXPENSES IN VIOLATION OF  CAL. LAB.
22                                               CODE § 2802;
                                                 7. FAILURE TO PROVIDE ACCURATE
23                                               ITEMIZED STATEMENTS IN VIOLATION OF
                                                 CAL. LAB. CODE § 226; and,
24                                               8. VIOLATION OF CALIFORNIA LABOR
                                                 CODE § 1198 AND CALIFORNIA CODE OF
25                                               REGULATIONS, TITLE 8, SECTION 1
                                                 1070(14) (FAILURE TO PROVIDE SEATING).
26
                                                 **DEMAND FOR A JURY TRIAL**
27

28                                           1
     _____
                           CLASS ACTION COMPLAINT

Plaintiff Nathan Christensen ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.      Defendant Carter's Retail, Inc. ("DEFENDANT") is a Corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.      DEFENDANT is a major American designer and marketer of children's apparel. DEFENDANT was founded in 1865 by William Carter.

3.      PLAINTIFF has been employed by DEFENDANT in California as a non-exempt employee entitled to overtime pay and meal and rest periods from November of 2015. PLAINTIFF has been at all times relevant mentioned herein classified by DEFENDANT as a non-exempt employee paid in whole or in part on an hourly basis and received additional compensation from DEFENDANT in the form of non-discretionary incentive wages, including, but not limited to, commission wages.

4.      PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning on the date  four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.      PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice which failed to lawfully compensate these employees for all their overtime worked.

2

DEFENDANT's uniform policy and practice alleged herein is an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

6.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

7.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## THE CONDUCT

8.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues

3

1    to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA

2    CLASS for their overtime worked.   DEFENDANT unlawfully and unilaterally failed to

3    accurately calculate wages for overtime worked by PLAINTIFF and other members of the

4    CALIFORNIA CLASS in order to avoid paying these employees the correct overtime

5    compensation.  As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS

6    forfeited wages due them for working overtime without compensation at the correct overtime

7    rates.    DEFENDANT's uniform policy and practice to not pay the members of the

8    CALIFORNIA CLASS the correct overtime rate for all overtime worked in accordance with

9    applicable law is evidenced by DEFENDANT's business records.  This uniform policy and

10   practice of DEFENDANT was intended to purposefully avoid the payment of the correct

11   overtime compensation as required by the California Labor Code which allowed DEFENDANT

12   to illegally profit and gain an unfair advantage over competitors who complied with the law.

13        9.       During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately

14   record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount

15   of time these employees worked.  Pursuant to the Industrial Welfare Commission Wage Orders,

16   DEFENDANT is required to pay PLAINTIFF and other CALIFORNIA CLASS Members for

17   all time worked, meaning the time during which an employee was subject to the control of an

18   employer, including all the time the employee was permitted or suffered to permit this work.

19   DEFENDANT required these employees to work off the clock without paying them for all the

20   time they were under DEFENDANT's control.    Specifically, DEFENDANT required

21   PLAINTIFF to work while clocked out during what was supposed to be PLAINTIFF's off-duty

22   meal break.  PLAINTIFF was from time to time interrupted by work assignments.  Indeed there

23   were many days where PLAINTIFF did not even receive a partial lunch.  As a result,

24   PLAINTIFF and other CALIFORNIA CLASS Members forfeited minimum wage and overtime

25   compensation by regularly working without their time being accurately recorded and without

26   compensation at the applicable minimum wage and overtime rates. To the extent that the time

27   worked off the clock did not qualify for overtime premium payment, DEFENDANT failed to

28

1   pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194,

2   1197, and 1197.1.

3       10.    DEFENDANT also requires PLAINTIFF and CALIFORNIA CLASS Members

4   to work off the clock without paying them for all the time they are under DEFENDANT's

5   control.  PLAINTIFF and CALIFORNIA CLASS Members would clock out of

6   DEFENDANT's timekeeping system, in order to perform additional work for DEFENDANT

7   as required to meet DEFENDANT's job requirements.  Specifically, during the CALIFORNIA

8   CLASS PERIOD, DEFENDANT engages in the uniform and systematic practice of requiring

9   PLAINTIFF and CALIFORNIA CLASS Members to perform work off the clock after clocking

10  out in that DEFENDANT, as a condition of employment, requires these employees to wait for

11  and submit to loss prevention inspections after clocking out for meal breaks and at the end of

12  each scheduled shift for which DEFENDANT does not provide compensation for time spent

13  waiting for and submitting to DEFENDANT's loss prevention inspections off the clock.  As a

14  result, PLAINTIFF and other CALIFORNIA CLASS Members forfeit minimum wage,

15  overtime wage compensation, and meal break wages, by working without their time being

16  correctly recorded and without compensation at the applicable rates.  DEFENDANT's uniform

17  policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all

18  time worked, is evidenced by DEFENDANT's business records.

19      11.    State and federal law provides that employees must be paid overtime at one-and-

20  one-half times their "regular rate of pay."  PLAINTIFF and other CALIFORNIA CLASS

21  Members were compensated at an hourly rate plus incentive pay that was tied to specific

22  elements of an employee's performance including but not limited to commission wages..

23      12.    The second component of PLAINTIFF's and other CALIFORNIA CLASS

24  Members' compensation was DEFENDANT's non-discretionary incentive program that paid

25  PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their

26  performance for DEFENDANT.  The non-discretionary incentive program provided all

27  employees paid on an hourly basis with incentive compensation when the employees met the

28

various performance goals set by DEFENDANT.  However, when calculating the regular rate of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay.  Management and supervisors described the incentive program to potential and new employees as part of the compensation package.  As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay."  The failure to do so has resulted in a systematic underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

13.    In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally and knowingly failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate of pay for all overtime worked.  This uniform policy and practice of DEFENDANT is intended to purposefully avoid the payment of the correct overtime compensation as required by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law.  To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

14.    As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time unable to take off duty meal breaks and were not fully relieved of duty for meal periods.  PLAINTIFF and other CALIFORNIA CLASS Members were from time to time required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break.  Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period from time to time in which these employees were required by DEFENDANT to work ten (10) hours of work. PLAINTIFF and the other

6

1  CALIFORNIA CLASS Members therefore forfeited meal breaks without additional

2  compensation and in accordance with DEFENDANT's strict corporate policy and practice.

3       15.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other

4  CALIFORNIA CLASS Members were from time to time also required to work in excess of four

5  (4) hours without being provided ten (10) minute rest periods.  Further, these employees were

6  denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two

7  (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts

8  worked of between six (6) and eight (8) hours, and a first, second and third rest period of at

9  least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time.

10  PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour

11  wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other

12  CALIFORNIA CLASS Members were periodically denied their proper rest periods by

13  DEFENDANT and DEFENDANT's managers. Additionally, the applicable California Wage

14  Order requires employers to provide employees with off-duty rest periods, which the California

15  Supreme Court defined as time during which an employee is relieved from all work related

16  duties and free from employer control.  In so doing, the Court held that the requirement under

17  California law that employers authorize and permit all employees to take rest period means that

18  employers must relieve employees of all duties and relinquish control over how employees

19  spend their time which includes control over the locations where employees may take their rest

20  period.  Employers cannot impose controls that prohibit an employee from taking a brief walk -

21  five minutes out, five minutes back.  Here, DEFENDANT's uniform policy restricts

22  PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and is

23  unlawful based on Defendant's policy that requires PLAINTIFF and CALIFORNIA CLASS

24  Member's to remain on the premises during their rest periods.

25       16.    DEFENDANT as a matter of corporate policy, practice and procedure,

26  intentionally, knowingly and systematically failed to reimburse and indemnify PLAINTIFF and

27  the other CALIFORNIA CLASS Members for required business expenses incurred by the

28
                                    7

1  PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging
2  their duties on behalf of DEFENDANT.  Under California Labor Code Section 2802, employers
3  are required to indemnify employees for all expenses incurred in the course and scope of their
4  employment.  Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or
5  her employee for all necessary expenditures or losses incurred by the employee in direct
6  consequence of the discharge of his or her duties, or of his or her obedience to the directions
7  of the employer, even though unlawful, unless the employee, at the time of obeying the
8  directions, believed them to be unlawful."

9       17.     In the course of their employment PLAINTIFF and other CALIFORNIA CLASS
10  Members as a business expense, are required by DEFENDANT to use their own personal
11  cellular phones as a result of and in furtherance of their job duties as employees for
12  DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated
13  with the use of their personal cellular phones for DEFENDANT's benefit. As a result, in the
14  course of their employment with DEFENDANT the PLAINTIFF and other members of the
15  CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not
16  limited to, costs related to the use of their personal cellular phones, on behalf of and for the
17  benefit of DEFENDANT.

18       18.     Further, PLAINTIFF alleges that the sales counters in DEFENDANT's California
19  stores are generally similar in their layout and design and that there is ample space behind each
20  counter area to allow for the presence and use of a stool or seat by DEFENDANT's non-exempt
21  employees during the performance of their work duties.   DEFENDANT's non-exempt
22  employees working at DEFENDANT's locations spend a very substantial portion, and, in many
23  workdays, the vast majority of their working time behind these counters.  The nature of the
24  work can reasonably be accomplished while using a seat/stool.

25       19.     In violation of the applicable sections of the California Labor Code and the
26  requirements of the applicable Industrial Welfare Commission ("IWC") Wage Order,
27  DEFENDANT as a matter of company policy, practice and procedure, intentionally, knowingly

28

1  and systematically fails to provide PLAINTIFF and the other CALIFORNIA CLASS Members

2  suitable seating when the nature of these employees' work reasonably permits sitting.

3      20.    DEFENDANT knew or should have known that PLAINTIFF and other

4  CALIFORNIA CLASS Members were entitled to suitable seating and/or were entitled to sit

5  when it did not interfere with the performance of their duties, and that DEFENDANT did not

6  provide suitable seating and/or did not allow them to sit when it did not interfere with the

7  performance of their duties.

8      21.    By reason of this conduct applicable to PLAINTIFF and all Aggrieved

9  Employees, DEFENDANT violated California Labor Code Section 1198 and Wage Order 4-

10  2001, Section 14 by failing to provide suitable seats.

11      22.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the

12  other members of  the CALIFORNIA CLASS with complete and accurate wage statements

13  which failed to show, among other things, the correct gross and net wages earned and correct

14  amount of time worked.  Cal. Lab. Code § 226 provides that every employer shall furnish each

15  of his or her employees with an accurate itemized wage statement in writing showing, among

16  other things, gross wages earned and all applicable hourly rates in effect during the pay period

17  and the corresponding amount of time worked at each hourly rate.  Aside, from the violations

18  listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage

19  statement that lists all the requirements under California Labor Code 226 *et seq*. As a result,

20  DEFENDANT from time to time provided PLAINTIFF and the other members of the

21  CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

22      23.    By reason of this uniform conduct applicable to PLAINTIFF and all

23  CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in

24  violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.

25  (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately

26  calculate and record the correct overtime rate for the overtime worked by PLAINTIFF and other

27  CALIFORNIA CLASS Members.  The proper calculation of these employees' overtime hour

28

CLASS ACTION COMPLAINT

rates is the DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

24.    Specifically as to PLAINTIFF's pay, DEFENDANT provided compensation to him in the form of two components.  One component of PLAINTIFF's compensation was a base hourly wage.   The second component of PLAINTIFF's compensation were non-discretionary incentive wages. DEFENDANT paid the incentive wages, so long as PLAINTIFF met certain predefined performance requirements.   PLAINTIFF met DEFENDANT's predefined eligibility performance requirements in various pay periods throughout his employment with DEFENDANT and DEFENDANT paid PLAINTIFF the non-discretionary incentive wages.   During these pay periods in which PLAINTIFF was paid the non-discretionary incentive wages by DEFENDANT, PLAINTIFF also worked overtime for DEFENDANT, but DEFENDANT never included the incentive compensation in PLAINTIFF's regular rate of pay for the purposes of calculating what should have been PLAINTIFF's accurate overtime rate and thereby underpaid PLAINTIFF for overtime worked throughout his employment with DEFENDANT.   The incentive compensation paid by DEFENDANT constituted wages within the meaning of the California Labor Code and thereby should have been part of PLAINTIFF's "regular rate of pay."  PLAINTIFF was also from time to time unable to take off duty meal and rest breaks and was not fully relieved of duty for his meal periods. PLAINTIFF was required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break.  Further, DEFENDANT failed to provide PLAINTIFF with a second off-duty meal period from time to time in which he was required by DEFENDANT to work ten (10) hours of work.   PLAINTIFF therefore forfeited meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice. DEFENDANT also provided PLAINTIFF

1  with a pay stub that failed to accurately display PLAINTIFF's correct rates of overtime pay and

2  payments for missed meal and rest periods for certain pay periods in violation of Cal. Lab. Code

3  § 226(a). The amount in controversy for PLAINTIFF individually does not exceed the sum or

4  value of $75,000.

6  **JURISDICTION AND VENUE**

7  25.    This Court has jurisdiction over this Action pursuant to California Code of Civil

8  Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This

9  action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees

10  of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

11  26.    Venue is proper in this Court pursuant to California Code of Civil Procedure,

12  Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times

13  maintained offices and facilities in this County and/or conducts substantial business in this

14  County, and (ii) committed the wrongful conduct herein alleged in this County against members

15  of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

16  **THE CALIFORNIA CLASS**

17
18  27.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class

19  Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as

20  all individuals who are or previously were employed by DEFENDANT in California and

21  classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the

22  period beginning on the date four (4) years prior to the filing of this Complaint and ending on

23  the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in

24  controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million

25  dollars ($5,000,000.00).

26  28.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

27  CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

28
11

1  accordingly.

2      29.    The California Legislature has commanded that "all wages... ...earned by any

3  person in any employment are due and payable twice during each calendar month, on days

4  designated in advance by the employer as the regular paydays",  and further that "[a]ny work

5  in excess of eight hours in one workday and any work in excess of 40 hours in any one

6  workweek . . . shall be compensated at the rate of no less than one and one-half times the

7  regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).)  The Industrial Welfare

8  Commission (IWC), however, is statutorily authorized to "establish exemptions from the

9  requirement that an overtime rate of compensation be paid... ...for executive, administrative, and

10  professional employees, provided [inter alia] that the employee is primarily engaged in duties

11  that meet the test of the exemption, [and] customarily and regularly exercises discretion and

12  independent judgment in performing those duties..."  (Lab. Code § 510(a).)  Neither the

13  PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA

14  LABOR SUB-CLASS qualify for exemption from the above requirements.

15      30.    DEFENDANT, as a matter of company policy, practice and procedure, and in

16  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

17  requirements, and the applicable provisions of California law, intentionally, knowingly, and

18  wilfully, engaged in a practice whereby DEFENDANT systematically failed to correctly

19  calculate and record overtime compensation for overtime worked by PLAINTIFF and the other

20  members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this

21  work, required employees to perform this work and permitted or suffered to permit this

22  overtime work.

23      31.    DEFENDANT has the legal burden to establish that each and every

24  CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to

25  accurately calculate the "regular rate of pay" by including the incentive compensation that

26  PLAINTIFF and members of the CALIFORNIA CLASS were awarded by DEFENDANT.

27  DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to

28

12

CLASS ACTION COMPLAINT

have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable overtime rate for all overtime worked, so as to satisfy their burden.  This common business practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

32.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for any member of the CALIFORNIA CLASS properly recalculated so as to compensate the employee for all overtime worked at the applicable rate, as required by California Labor Code §§ 204 and 510, *et seq*.  At no time during the CALIFORNIA CLASS PERIOD was the overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so as to include all earnings in the overtime compensation calculation as required by California Labor Code §§ 510, *et seq*.

33.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

34.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

   (a)   Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to pay all minimum and overtime wages due the CALIFORNIA CLASS for all time worked, and failed to accurately record the applicable rates of all overtime worked by the CALIFORNIA CLASS;

   (b)   Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly, and/or deceptively having in place a company policy,

13

1   practice and procedure that failed to correctly calculate overtime
2   compensation due to PLAINTIFF and the members of the CALIFORNIA
3   CLASS;

4   (c)   Committing an act of unfair competition in violation of the California
5   Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by
6   violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et*
7   *seq.*, by failing to pay the correct federal overtime wages to the
8   PLAINTIFF and the members of the CALIFORNIA CLASS as legally
9   required by the FLSA, and retaining the unpaid federal overtime to the
10   benefit of DEFENDANT;

11   (d)   Committing an act of unfair competition in violation of the California
12   Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by
13   failing to provide mandatory meal and/or rest breaks to PLAINTIFF and
14   the CALIFORNIA CLASS members; and,

15   (e)   Committing an act of unfair competition in violation of the California
16   Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by
17   violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and
18   the CALIFORNIA CLASS members with necessary expenses incurred in
19   the discharge of their job duties.

20   35.   This Class Action meets the statutory prerequisites for the maintenance of a Class
21   Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

22   (a)   The persons who comprise the CALIFORNIA CLASS are so numerous
23   that the joinder of all such persons is impracticable and the disposition of
24   their claims as a class will benefit the parties and the Court;

25   (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues
26   that are raised in this Complaint are common to the CALIFORNIA
27   CLASS will apply uniformly to every member of the CALIFORNIA

28

14

1      CLASS;

2      (c)     The claims of the representative PLAINTIFF are typical of the claims of

3              each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the

4              other members of the CALIFORNIA CLASS, was subjected to the

5              uniform employment practices of DEFENDANT and was a non-exempt

6              employee paid on an hourly basis and paid additional non-discretionary

7              incentive wages who was subjected to the DEFENDANT's practice and

8              policy which fails to pay the correct rate of overtime wages due to the

9              CALIFORNIA CLASS for all overtime worked by the CALIFORNIA

10             CLASS and thereby systematically underpays overtime compensation to

11             the CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a

12             result of DEFENDANT's employment practices.  PLAINTIFF and the

13             members of the CALIFORNIA CLASS were and are similarly or

14             identically harmed by the same unlawful, deceptive, unfair and pervasive

15             pattern of misconduct engaged in by DEFENDANT; and,

16     (d)     The representative PLAINTIFF will fairly and adequately represent and

17             protect the interest of the CALIFORNIA CLASS, and has retained

18             counsel who are competent and experienced in Class Action litigation.

19             There are no material conflicts between the claims of the representative

20             PLAINTIFF and the members of the CALIFORNIA CLASS that would

21             make class certification inappropriate.  Counsel for the CALIFORNIA

22             CLASS will vigorously assert the claims of all CALIFORNIA CLASS

23             Members.

24     36.     In addition to meeting the statutory prerequisites to a Class Action, this action

25     is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

26     (a)     Without class certification and determination of declaratory, injunctive,

27             statutory and other legal questions within the class format, prosecution of

28

15

CLASS ACTION COMPLAINT

1    separate actions by individual members of the CALIFORNIA CLASS will

2    create the risk of:

3       1)     Inconsistent or varying adjudications with respect to individual

4             members of the CALIFORNIA CLASS which would establish

5             incompatible standards of conduct for the parties opposing the

6             CALIFORNIA CLASS; and/or,

7       2)     Adjudication with respect to individual members of the

8             CALIFORNIA CLASS which would as a practical matter be

9             dispositive of interests of the other members not party to the

10            adjudication or substantially impair or impede their ability to

11            protect their interests.

12   (b)   The parties opposing the CALIFORNIA CLASS have acted or refused to

13        act on grounds generally applicable to the CALIFORNIA CLASS, making

14        appropriate class-wide relief with respect to the CALIFORNIA CLASS

15        as a whole in that DEFENDANT uniformly failed to pay all wages due.

16        Including the correct overtime rate, for all worked by the members of the

17        CALIFORNIA CLASS as required by law;

18      1)     With respect to the First Cause of Action, the final relief on behalf

19            of the CALIFORNIA CLASS sought does not relate exclusively to

20            restitution because through this claim PLAINTIFF seeks

21            declaratory relief holding that the DEFENDANT's policy and

22            practices constitute unfair competition, along with declaratory

23            relief, injunctive relief, and incidental equitable relief as may be

24            necessary to prevent and remedy the conduct declared to constitute

25            unfair competition;

26   (c)   Common questions of law and fact exist as to the members of the

27        CALIFORNIA CLASS, with respect to the practices and violations of

28

16

California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to

1          assert their claims through a representative; and,

2          4)    A class action is superior to other available methods for the fair

3                and efficient adjudication of this litigation because class treatment

4                will obviate the need for unduly and unnecessary duplicative

5                litigation that is likely to result in the absence of certification of

6                this action pursuant to Cal. Code of Civ. Proc. § 382.

7      37.    This Court should permit this action to be maintained as a Class Action pursuant

8  to Cal. Code of Civ. Proc. § 382 because:

9          (a)   The questions of law and fact common to the CALIFORNIA CLASS

10               predominate over any question affecting only individual CALIFORNIA

11               CLASS Members because the DEFENDANT's employment practices are

12               uniform and systematically applied with respect to the CALIFORNIA

13               CLASS;

14         (b)   A Class Action is superior to any other available method for the fair and

15               efficient adjudication of the claims of the members of the CALIFORNIA

16               CLASS because in the context of employment litigation a substantial

17               number of individual CALIFORNIA CLASS Members will avoid

18               asserting their rights individually out of fear of retaliation or adverse

19               impact on their employment;

20         (c)   The members of the CALIFORNIA CLASS are so numerous that it is

21               impractical to bring all members of the CALIFORNIA CLASS before the

22               Court;

23         (d)   PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be

24               able to obtain effective and economic legal redress unless the action is

25               maintained as a Class Action;

26         (e)   There is a community of interest in obtaining appropriate legal and

27               equitable relief for the acts of unfair competition, statutory violations and

28

18
CLASS ACTION COMPLAINT

other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

    (f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

    (g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

    (h)   The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

    (i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

38.    DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

39.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth and Seventh causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period beginning on the date three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA

19

LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

40.     DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate overtime compensation for the overtime worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members overtime wages at the correct amount to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

41.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

42.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

43.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)     Whether DEFENDANT unlawfully failed to correctly calculate and pay overtime compensation to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California

20

CLASS ACTION COMPLAINT

1    regulations and the applicable California Wage Order;

2    (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are

3    entitled to overtime compensation for overtime worked under the overtime

4    pay requirements of California law;

5    (c)    Whether DEFENDANT failed to accurately record the applicable

6    overtime rates for all overtime worked PLAINTIFF and the other

7    members of the CALIFORNIA LABOR SUB-CLASS;

8    (d)    Whether DEFENDANT failed to provide PLAINTIFF and the other

9    members of the CALIFORNIA LABOR SUB-CLASS with legally

10   required uninterrupted thirty (30) minute meal breaks and rest periods;

11   (e)    Whether DEFENDANT failed to provide PLAINTIFF and the other

12   members of the CALIFORNIA LABOR SUB-CLASS with accurate

13   itemized wage statements;

14   (f)    Whether DEFENDANT has engaged in unfair competition by the

15   above-listed conduct;

16   (g)    The proper measure of damages and penalties owed to the members of the

17   CALIFORNIA LABOR SUB-CLASS; and,

18   (h)    Whether DEFENDANT's conduct was willful.

19   44.    DEFENDANT, as a matter of company policy, practice and procedure, failed to

20   accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-CLASS

21   Members and failed to provide accurate records of the applicable overtime rates for the

22   overtime worked by these employees.  All of the CALIFORNIA LABOR SUB-CLASS

23   Members, including PLAINTIFF, were non-exempt employees who were paid on an hourly

24   basis by DEFENDANT according to uniform and systematic company procedures as alleged

25   herein above.  This business practice was uniformly applied to each and every member of the

26   CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be

27   adjudicated on a class-wide basis.

28

45.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)     Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194 & § 1198;

(b)     Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(c)     Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required rest breaks; and,

(d)     Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing all accurate and applicable overtime rates in effect during the pay period and the corresponding amount of time worked at each overtime rate by the employee; and,

(e)     Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

46.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)     The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class

22

CLASS ACTION COMPLAINT

1    will benefit the parties and the Court;

2    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

3           that are raised in this Complaint are common to the CALIFORNIA

4           LABOR SUB-CLASS and will apply uniformly to every member of the

5           CALIFORNIA LABOR SUB-CLASS;

6    (c)    The claims of the representative PLAINTIFF are typical of the claims of

7           each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,

8           like all the other members of the CALIFORNIA LABOR SUB-CLASS,

9           was a non-exempt employee paid on an hourly basis and paid additional

10          non-discretionary incentive wages who was subjected to the

11          DEFENDANT's practice and policy which failed to pay the correct rate

12          of overtime wages due to the CALIFORNIA LABOR SUB-CLASS for

13          all overtime worked.  PLAINTIFF sustained economic injury as a result

14          of DEFENDANT's employment practices. PLAINTIFF and the members

15          of the CALIFORNIA LABOR SUB-CLASS were and are similarly or

16          identically harmed by the same unlawful, deceptive, unfair and pervasive

17          pattern of misconduct engaged in by DEFENDANT; and,

18   (d)    The representative PLAINTIFF will fairly and adequately represent and

19          protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has

20          retained counsel who are competent and experienced in Class Action

21          litigation.  There are no material conflicts between the claims of the

22          representative PLAINTIFF and the members of the CALIFORNIA

23          LABOR SUB-CLASS that would make class certification inappropriate.

24          Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously

25          assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

26   47.    In addition to meeting the statutory prerequisites to a Class Action, this action is

27   properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

28

23

CLASS ACTION COMPLAINT

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)    Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

24

CLASS ACTION COMPLAINT

1          1)    The interests of the members of the CALIFORNIA LABOR SUB-

2                CLASS in individually controlling the prosecution or defense of

3                separate actions in that the substantial expense of individual

4                actions will be avoided to recover the relatively small amount of

5                economic losses sustained by the individual CALIFORNIA

6                LABOR SUB-CLASS Members when compared to the substantial

7                expense and burden of individual prosecution of this litigation;

8          2)    Class certification will obviate the need for unduly duplicative

9                litigation that would create the risk of:

10              A.    Inconsistent or varying adjudications with respect to

11                      individual members of the CALIFORNIA LABOR SUB-

12                      CLASS, which would establish incompatible standards of

13                      conduct for the DEFENDANT; and/or,

14               B.    Adjudications with respect to individual members of the

15                      CALIFORNIA LABOR SUB-CLASS would as a practical

16                      matter be dispositive of the interests of the other members

17                      not parties to the adjudication or substantially impair or

18                      impede their ability to protect their interests;

19          3)    In the context of wage litigation because a substantial number of

20                individual CALIFORNIA LABOR SUB-CLASS Members will

21                avoid asserting their legal rights out of fear of retaliation by

22                DEFENDANT, which may adversely affect an individual's job

23                with DEFENDANT or with a subsequent employer, the Class

24                Action is the only means to assert their claims through a

25                representative; and,

26          4)    A class action is superior to other available methods for the fair

27                and efficient adjudication of this litigation because class treatment

28

1  will obviate the need for unduly and unnecessary duplicative
2  litigation that is likely to result in the absence of certification of
3  this action pursuant to Cal. Code of Civ. Proc. § 382.

4      48.    This Court should permit this action to be maintained as a Class Action pursuant
5  to Cal. Code of Civ. Proc. § 382 because:

6      (a)    The questions of law and fact common to the CALIFORNIA LABOR
7  SUB-CLASS predominate over any question affecting only individual
8  CALIFORNIA LABOR SUB-CLASS Members;

9      (b)    A Class Action is superior to any other available method for the fair and
10  efficient adjudication of the claims of the members of the CALIFORNIA
11  LABOR SUB-CLASS because in the context of employment litigation a
12  substantial number of individual CALIFORNIA LABOR SUB-CLASS
13  Members will avoid asserting their rights individually out of fear of
14  retaliation or adverse impact on their employment;

15      (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so
16  numerous that it is impractical to bring all members of the CALIFORNIA
17  LABOR SUB-CLASS before the Court;

18      (d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS
19  Members, will not be able to obtain effective and economic legal redress
20  unless the action is maintained as a Class Action;

21      (e)    There is a community of interest in obtaining appropriate legal and
22  equitable relief for the acts of unfair competition, statutory violations and
23  other improprieties, and in obtaining adequate compensation for the
24  damages and injuries which DEFENDANT's actions have inflicted upon
25  the CALIFORNIA LABOR SUB-CLASS;

26      (f)    There is a community of interest in ensuring that the combined assets of
27  DEFENDANT are sufficient to adequately compensate the members of

28

26

1    the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

2    (g)    DEFENDANT has acted or refused to act on grounds generally applicable

3    to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

4    wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

5    CLASS as a whole;

6    (h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily

7    ascertainable from the business records of DEFENDANT.    The

8    CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

9    CLASS Members classified as non-exempt employees during the

10   CALIFORNIA LABOR SUB-CLASS PERIOD; and,

11   (i)    Class treatment provides manageable judicial treatment calculated to bring

12   a efficient and rapid conclusion to all litigation of all wage and hour

13   related claims arising out of the conduct of DEFENDANT as to the

14   members of the CALIFORNIA LABOR SUB-CLASS.

15

16   **FIRST CAUSE OF ACTION**

17   **For Unlawful Business Practices**

18   **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

19   **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

20   49.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

21   incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

22   Complaint.

23   50.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

24   Code § 17021.

25   51.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

26   unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section

27   17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

28   27

competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

52. By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 210, 226.7, 510, 512, 1194, 1197, 1197.1, 1198 & 2802 for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

53. By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

54. By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFF, and other members of the CALIFORNIA CLASS, minimum and overtime wages for all time worked, failed to accurately to record the applicable rate of all overtime worked, and failed to provide the required amount of overtime compensation due to a systematic miscalculation of the overtime rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. &

1    Prof. Code § 17203, including restitution of wages wrongfully withheld.

2         55.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

3    unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the

4    other members of the CALIFORNIA CLASS to be underpaid during their employment with

5    DEFENDANT.

6         56.    By the conduct alleged herein, DEFENDANT's practices were also unfair and

7    deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide

8    mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members.

9         57.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each

10   CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty

11   meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

12   for each workday in which a second off-duty meal period was not timely provided for each ten

13   (10) hours of work.

14        58.    PLAINTIFF further demands on behalf of himself and on behalf of each

15   CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off duty

16   paid rest period was not timely provided as required by law.

17        59.    By and through the unlawful and unfair business practices described herein,

18   DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the

19   other members of the CALIFORNIA CLASS, including earned wages for all overtime worked,

20   and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

21   detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

22   to unfairly compete against competitors who comply with the law.

23        60.    All the acts described herein as violations of, among other things, the Industrial

24   Welfare Commission Wage Orders, the California Code of Regulations, and the California

25   Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

26   oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

27   deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

28

61.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all overtime worked.

62.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

63.     PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 204, 510, 1194 and 1198]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

64.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

65.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor

Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate the applicable rates for all overtime worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

66.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

67.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

68.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

69.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of overtime worked and correct applicable overtime rate for the amount of overtime they worked.  As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due for the overtime worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for all overtime worked.

70.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to

31

1   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for all
2   overtime worked, including, the work performed in excess of eight (8) hours in a workday
3   and/or forty (40) hours in any workweek.

4         71.    In committing these violations of the California Labor Code, DEFENDANT
5   inaccurately calculated the amount of overtime worked and the applicable overtime rates and
6   consequently underpaid the actual time worked by PLAINTIFF and other members of the
7   CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the
8   payment of all earned wages, and other benefits in violation of the California Labor Code, the
9   Industrial Welfare Commission requirements and other applicable laws and regulations.

10       72.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,
11   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not
12   receive full compensation for all overtime worked.

13       73.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt
14   from the overtime requirements of the law.  None of these exemptions are applicable to
15   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further,
16   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject
17   to a valid collective bargaining agreement that would preclude the causes of action contained
18   herein this Complaint.  Rather, the PLAINTIFF brings this Action on behalf of himself and the
19   CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable,
20   non-waiveable rights provided by the State of California.

21       74.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the
22   other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that
23   they were entitled to, constituting a failure to pay all earned wages.

24       75.    DEFENDANT failed to accurately pay PLAINTIFF and the other members of the
25   CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in
26   excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194
27   & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

28

CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's business records and witnessed by employees.

76.   By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

77.   DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

78.   In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

79.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, including overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against

1  DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable

2  statutes. DEFENDANT's conduct as alleged herein was willful, intentional and not in good

3  faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are

4  entitled to seek and recover statutory costs.

5

6                    **THIRD CAUSE OF ACTION**

7                  **For Failure To Pay Minimum Wages**

8              **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

9        **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

10                  **and Against All Defendants)**

11       80.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

12  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

13  paragraphs of this Complaint.

14       81.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

15  bring a claim for DEFENDANT's willful and intentional violations of the California Labor

16  Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

17  accurately calculate and pay minimum and reporting time wages to PLAINTIFF and

18  CALIFORNIA CLASS Members.

19       82.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

20  public policy, an employer must timely pay its employees for all hours worked.

21       83.     Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the

22  commission is the minimum wage to be paid to employees, and the payment of a less wage than

23  the minimum so fixed in unlawful.

24       84.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

25  including minimum wage compensation and interest thereon, together with the costs of suit.

26       85.     DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and

27  the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

28

34

amount of time they work.  As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

86.     DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denies accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

87.     In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

88.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

89.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

90.     By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

91.     DEFENDANT knew or should have known that PLAINTIFF and the other

35

1  members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time

2  worked. DEFENDANT systematically elected, either through intentional malfeasance or gross

3  nonfeasance, to not pay employees for their labor as a matter of uniform company policy,

4  practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to

5  pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the

6  correct minimum wages for their time worked.

7       92.    In performing the acts and practices herein alleged in violation of California labor

8  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

9  all time worked and provide them with the requisite compensation, DEFENDANT acted and

10  continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

11  members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for

12  their legal rights, or the consequences to them, and with the despicable intent of depriving them

13  of their property and legal rights, and otherwise causing them injury in order to increase

14  company profits at the expense of these employees.

15       93.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

16  therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as

17  well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided

18  by the California Labor Code and/or other applicable statutes.  DEFENDANT's conduct as

19  alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other

20  CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

21

22  **<u>FOURTH CAUSE OF ACTION</u>**

23  **For Failure to Provide Required Meal Periods**

24  **[Cal. Lab. Code §§ 226.7 & 512 ]**

25  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

26  **Defendants)**

27       94.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

28

CLASS ACTION COMPLAINT

1    reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs
2    of this Complaint.

3        95.    During the CALIFORNIA CLASS PERIOD, from time to time, DEFENDANT
4    failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other
5    CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and
6    Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR
7    SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their
8    duties for the legally required off-duty meal periods.   As a result of their rigorous work
9    schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from
10   time to time not fully relieved of duty by DEFENDANT for their meal periods.  Additionally,
11   DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS
12   Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced
13   by DEFENDANT's business records.  Further, DEFENDANT failed to provide PLAINTIFF
14   and CALIFORNIA CLASS Members with a second off-duty meal period from time to time in
15   which these employees were required by DEFENDANT to work ten (10) hours of work As a
16   result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore
17   forfeited meal breaks without additional compensation and in accordance with DEFENDANT's
18   strict corporate policy and practice.

19       96.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable
20   IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-
21   CLASS Members who were not provided a meal period, in accordance with the applicable
22   Wage Order, one additional hour of compensation at each employee's regular rate of pay for
23   each workday that a meal period was not provided.

24       97.    As a proximate result of the aforementioned violations, PLAINTIFF and
25   CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according
26   to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of
27   suit.

28

CLASS ACTION COMPLAINT

## FIFTH CAUSE OF ACTION

### For Failure to Provide Required Rest Periods

### [Cal. Lab. Code §§ 226.7 & 512 ]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

98.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

99.     PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time.  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

100.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

101.     As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

38

1  suit.

2

3  ## SIXTH CAUSE OF ACTION

4  **For Failure to Reimburse Employees for Required Expenses**

5  **[Cal. Lab. Code § 2802]**

6  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

7  **Defendants)**

8      102.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

9  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

10  of this Complaint.

11      103.    Cal. Lab. Code § 2802 provides, in relevant part, that:

12      An employer shall indemnify his or her employee for all necessary expenditures
       or losses incurred by the employee in direct consequence of the discharge of his
13      or her duties, or of his or her obedience to the directions of the employer, even
       though unlawful, unless the employee, at the time of obeying the directions,
14      believed them to be unlawful.

15      104.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by

16  failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

17  members for required expenses incurred in the discharge of their job duties for DEFENDANT's

18  benefit.  DEFENDANT fails to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

19  CLASS members for expenses which include, but are not limited to, costs related to using their

20  personal cellular phones all on behalf of and for the benefit of DEFENDANT. DEFENDANT's

21  uniform policy, practice and procedure is to not reimburse PLAINTIFF and the CALIFORNIA

22  LABOR SUB-CLASS members for expenses resulting from using their personal cellular

23  phones for DEFENDANT within the course and scope of their employment for DEFENDANT.

24  These expenses are necessary to complete their principal job duties.  As a result, in the course

25  of their employment with DEFENDANT PLAINTIFF and other members of the CALIFORNIA

26  CLASS incurred unreimbursed business expenses which included, but were not limited to, costs

27  related to using their personal cell phones all on behalf of and for the benefit of DEFENDANT.

28

These expenses are necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation.  Although these expenses are necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT fails to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

105.    PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT.

## SEVENTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

106.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

107.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

40

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

108.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of  the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned and correct amount of time worked.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

109.    DEFENDANT knowingly and intentionally failed to comply with Cal. Labor Code § 226, causing injury and damages to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the correct rates for the overtime worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are

41

difficult to estimate.  Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

## EIGHTH CAUSE OF ACTION

### For Failure to Provide Suitable Seating

**[Cal. Lab. Code § 1198, et seq. & California Code of Regulations, Title 8, Section 11070(14)]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members and Against All Defendants)**

110.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 109 of this Complaint.

111.    California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.

112.    California Labor Code section 1198 requires that " . . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

113.    California Code of Regulations, Title 8, section 11070(14)(A) provides that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats."

114.    California Code of Regulations, Title 8, section 11070(14)(B) provides that "[w]hen employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

42

115.   DEFENDANT violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(14) because PLAINTIFF and CALIFORNIA LABOR SUB-CLASS members are not permitted to sit, even if they are not engaged in active duties. They are not permitted to sit, even when it will not interfere with the performance of their duties, nor are they provided with suitable seats.

116.   PLAINTIFF and CALIFORNIA LABOR SUB-CLASS members are entitled to recover all remedies available for violations of California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(14).

117.   Pursuant to the civil penalties provided for in California Labor Code sections 2699 (f) and (g), the State of California, PLAINTIFF and other CALIFORNIA CLASS Members are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 1198.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.   On behalf of the CALIFORNIA CLASS:

    A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)   An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)   An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

    D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to

43

1    PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2  2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

3      A)    That the Court certify the Second, Third, Fourth, Fifth, Sixth and Seventh Causes
4            of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action
5            pursuant to Cal. Code of Civ. Proc. § 382;

6      B)    Compensatory damages, according to proof at trial, including compensatory
7            damages for minimum wage and overtime compensation due PLAINTIFF and the
8            other members of the CALIFORNIA LABOR SUB-CLASS, during the
9            applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon
10           at the statutory rate;

11     C)    Meal and rest period compensation pursuant to California Labor Code Section
12           226.7 and the applicable IWC Wage Order;

13     D)    The greater of all actual damages or fifty dollars ($50) for the initial pay period
14           in which a violation occurs and one hundred dollars ($100) per each member of
15           the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay
16           period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and
17           an award of costs for violation of Cal. Lab. Code § 226;

18     E)    The amount of the expenses PLAINTIFF and each member of the CALIFORNIA
19           LABOR SUBCLASS incurred in the course of their job duties, plus interest, and
20           costs of suit; and,

21     F)    For liquidated damages pursuant to California Labor Code Sections 1194.2 and
22           1197.

23  3.    On all claims:

24     A)    An award of interest, including prejudgment interest at the legal rate;

25     B)    Such other and further relief as the Court deems just and equitable; and,

26     C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the law,
27           including, but not limited to, pursuant to Labor Code §226, §1194, and/or §2802.

28

1   Dated: November 13, 2019   BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

2

3                                       By: _____
                                            Norman B. Blumenthal
4                                           Attorneys for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1

**DEMAND FOR A JURY TRIAL**

2          PLAINTIFF demands a jury trial on issues triable to a jury.

3

4   Dated: November 13, 2019   BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6                              By: _____

7                                   Norman B. Blumenthal
                                    Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically Filed by Superior Court of California, County of Orange, 03/16/2020 03:53:23 PM.

**CM-010**

30-2020-01138792-CU-OE-CXC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
| ─Norman B. Blumenthal  (Bar # 68687)<br>Kyle Nordrehaug  (Bar # 205975)<br>Blumenthal Nordrehaug Bhowmik De Blouw LLP<br>2255 Calle Clara, La Jolla, CA 92037<br>TELEPHONE NO.: (858) 551-1223       FAX NO.: (858) 551-1232 | |

ATTORNEY FOR (Name): Plaintiff Nathan Christensen

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS: PO Box 22028
CITY AND ZIP CODE: Santa Ana 92702
BRANCH NAME: Complex

CASE NAME:
### NATHAN CHRISTENSEN v. CARTER'S RETAIL, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2020-01138792-CU-OE-CXC |
| | | | | JUDGE: Judge Randall J. Sherman |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*    CX-105

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): NINE (9)
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 16, 2020

Norman B. Blumenthal                                    ▶ /s/ Norman Blumenthal
_____          _____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

*LexisNexis® Automated California Judicial Council Forms*

# SUPERIOR COURT OF CALIFORNIA

**ORANGE**

751 W. Santa Ana Blvd

Santa Ana, CA 92701

(657) 622-5300

www.occourts.org

## NOTICE OF CASE ASSIGNMENT

Case Number: **30-2020-01138792-CU-OE-CXC**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon.  Randall J. Sherman | CIVIL COMPLEX CENTER | CX105 | (657) 622-5300 |
| Hearing: | Date: | Time: | |

| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. | | | |

[ x ]  ADR Information attached.

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Individual courtroom information and the items listed below may be found at: www.occourts.org.

.Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings.

**Ex Parte Matters**

Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing.

**Noticed Motions**

* The following local Orange County Superior Court rules are listed for your convenience:
.    - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.
.    - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil)
.* All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.
.* Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet.

**Other Information**

Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.
.
.All fees and papers must be filed in the Clerk's Office of the Court Location address listed above.

Date:  03/17/2020

Georgina Ramirez

_____, Deputy Clerk

## NOTICE OF CASE ASSIGNMENT

V3 INIT 100 (June 2004)

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR
Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an
ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and
descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any
applicable local court rules and directions for contacting any court staff responsible for
providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the
Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA.
This information may take the form of a list of the applicable programs or directions for
contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper
copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along
with the complaint.  Cross-complainants must serve a copy of the ADR Information Package on
any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**   A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**   When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**   In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**   ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**   In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**   Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**   If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.   ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May <u>Not</u> Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May <u>Not</u> Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 480-6572

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | *FOR COURT USE ONLY* |
|---|---|
| Telephone No.:                    Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:                    Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
　　　　　☐ Under section 1141.11 of the Code of Civil Procedure
　　　　　☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____    _____    _____
                                              (SIGNATURE OF PLAINTIFF OR ATTORNEY)          (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____    _____
                                              (SIGNATURE OF DEFENDANT OR ATTORNEY)          (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

☑ *Plaintiff must serve a copy of these Guidelines with the Summons and Complaint.*



## GUIDELINES

### ALL COMPLEX CIVIL DEPARTMENTS

Welcome to the Complex Civil Litigation Program.  Orange County Superior Court is one of six courts designated by the California Judicial Council as pilot project courts to handle solely complex civil litigation.  These pilot courts were established to apply case management principles to improve the effective administration of justice by reducing the time and expense normally associated with the litigation of complex civil cases.  It has been our experience that these principles make it easier to prepare these cases for trial by providing a more orderly framework for the pre-trial phase of the litigation.

The result is a greater opportunity for early case resolution through mediation and settlement, and improving the way complex cases are tried by encouraging the use of technology.

Counsel's familiarity with the applicable *California Rules of Court ["Local Rules"]*, *Local Rules – Superior Court of California, County of Orange*, and these *Guidelines* is expected.  The *Guidelines* should answer most procedural questions and assist you in feeling comfortable in our courtrooms.

### COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE

Counsel are expected to adhere to the provisions of the *California Attorney Guidelines of Civility and Professionalism*.  (State Bar of the State of California, adopted July 20, 2007, attached to these *Guidelines* as Appendix 1.)

## I. GENERAL MATTERS

1. When issued by the court, the provisions of the Case Management Order in the particular action shall govern over these *Guidelines*. Procedural matters not provided for in these *Guidelines* or in a Case Management Order shall be governed by the pertinent provisions of the California statutes, the California Rules of Court, and the California Standards of Judicial Administration. The purpose of these *Guidelines* is to supplement but not contradict the law governing civil procedure.

2. The Superior Court of California, County of Orange has established a system for e-filing in accordance with Code of Civil Procedure §1010.6 and California Rules of Court, rule 2.250 *et seq.* All papers filed in complex civil cases must be electronically filed unless a party has been specifically excused by the Court from the requirement, pursuant to the *Local Rules – Superior Court of California, County of Orange* ("local rules"), rule 308. To register for the program and to obtain additional information, go to: www.occourts.org/complexcivil/ .

3. Cross-complainants must serve a copy of these guidelines and give notice of any scheduled hearings and depositions at the time the cross-complaint is served.

4. Information about filing requirements or fees is available on the court's Internet home page at: http://www.occourts.org, or by telephone at (657) 622-5314. The local rules are available on the court's public internet home page.

5. Telephone appearances are conducted through **CourtCall**, pursuant to the provisions of California Rules of Court, Rule 3.670. Parties are encouraged to seek further information concerning guidelines and protocols from **CourtCall** at (310) 342-0888 or (888) 88-COURT.

## II. Initial Case Management Conference:

The Initial Case Management Conference shall take place in conformance with the requirements set forth in California Rules of Court, rule 3.750. The Initial Case Management Conference is generally scheduled approximately 90 days after the action is filed. Plaintiff is required to give notice of this conference date to all other parties. Thereafter, Status Conferences shall be set in consultation with the Court, according to the needs of the parties.

## III. Case Management Conference and Status Conference Statements:

The judges of the Civil Complex Center have determined that Judicial Council form CM-110, *Civil Case Management Statement* required by California Rules of Court, Rule 3.725(c) for some civil cases, is inadequate to provide the judges the information they need when determining how a particular complex case should be managed. *Form CM-110 should not be used in any action designated or provisionally designated as*

*complex.* Instead, the parties shall file with the court either a Case Management Conference Statement or a Status Conference Statement as described below.

Counsel must file an updated Conference Statement for *each* Case Management or Status Conference.  The Conference Statement is due no later than 5 court days prior to the hearing.

A Status Conference Statement may be filed as an alternative to the Case Management Conference Statement when appropriate.  A Status Conference Statement is generally less detailed than a Case Management Conference Statement and is to be used to advise the court of progress or developments in the case which have occurred since the last review hearing.

A joint statement of the parties is preferred by the court whenever possible.

## IV.  CASE MANAGEMENT ORDERS:

Case Management Orders are not required in all cases, but they may be helpful in cases where the sequencing and timing of key events is necessary in the management of the litigation and preparation of the case for trial.  However, even if a Case Management Order is not necessary in a particular case, *all complex cases must be managed by counsel, or the court, or both.*

The goal of case management is to bring about a just resolution as speedily and economically as possible.  To be effective, case management should be tailored to the needs of the particular litigation and to the resources available; make-work activity should be avoided.  The parties or the court should develop and monitor an effective plan for the orderly conduct of pretrial and trial proceedings.  A case management plan should prescribe a series of procedural steps, with firm dates, giving direction and order to the case as it progresses through pretrial proceedings to summary disposition or trial. The setting of interim time limits and deadlines is often a necessary part of an effective case management plan.

## V.  LAW AND MOTION:

1.  **Meet and Confer**: This court adopts the view that pre-filing conferences between counsel may be useful in avoiding useless or unnecessary motions. Therefore, prior to the hearing of any motion, petition or application, except applications to appear *pro hac vice* and motions to withdraw as counsel of record, all counsel and parties appearing in *propria persona* shall confer in a good faith attempt to eliminate the necessity of the hearing or resolve as many disputes as possible.

   Counsel for the moving party shall arrange the conference to meet and confer and, at least 3 calendar days before the hearing, file with the court a statement entitled "Meet and Confer," summarizing the issues remaining in dispute and the respective positions taken.

2. **Tentative Rulings**: Members of the Complex Civil Panel may publish tentative law and motion rulings by any system described in Local Rule 382.

3. **Off Calendars and Continuances:** In order to promote judicial economy and avoid wasting court resources, counsel for moving parties must notify the courtroom clerk as soon as possible if any matter will be taken off calendar. Stipulations between the parties to continue a matter must be approved by the court.

## VI. EX PARTE APPLICATIONS:

1. The court's consideration of an *ex parte* application will not interfere with or delay any trial in progress.  The moving party is expected to adhere to the provisions of California Rules of Court, Rule 3.1200 – 3.1207. All papers necessary to the determination of the application, including any proposed pleading, motion or order, must be submitted with the *ex parte* application. Counsel should contact the courtroom clerk to verify any specific deadlines for the submission of moving papers or other preferences applicable to that department.  Counsel may also contact the courtroom clerk to inquire if oral argument will be permitted, or if the court will rule based on the application and any written opposition.

2. The application shall include a declaration of Notice of Ex Parte Hearing and a proposed order; and shall state in the notice the irreparable harm, immediate danger or other basis for *ex parte* relief that will result if the requested relief is not granted until a regularly noticed motion may be heard.

## VII. MANDATORY SETTLEMENT CONFERENCES ("MSC's"):

Compliance with Local Rule 316 is required.

All of the judges at the Civil Complex Center are willing to help another judge in the settlement of a complex case depending upon the judge's available calendar.  If the parties agree to have a mandatory settlement conference conducted by a judge other than the assigned judge, the parties should first determine the other judge's availability before asking the assigned judge to order the settlement conference. However, it is not presumed that the judge to whom a case is assigned should not conduct the mandatory settlement conferences in his or her cases.  If a party objects to the trial judge's participation in the MSC, the party must advise the judge or the courtroom clerk of its objection prior to the setting of the MSC. Counsel are advised to check with the court to determine its preference in this regard.

## VIII. Pre-trial Conferences

1. A Pre-trial Conference may be scheduled 30-90 days before trial for the purpose of determining the readiness of the parties and      resolving procedural issues concerning the trial.  The goal of the Pre-trial Conference is to make the trial proceed as predictably and smoothly as possible.  **The Pre-trial**

**Conference is not a substitute for the Issues Conference required by Local Rule 317.**

2. At the Pre-trial Conference, counsel should be prepared to state whether his or her client will be using the electronic presentation of evidence at the trial. Using electronic equipment to present evidence at trial requires preparation, organization and cooperation by the parties.  The court expects that the parties will work together in devising a protocol for the pre-marking of exhibits by using prefixes or a super-numeration system to designate the proponent of the evidence.  Where there are multiple pages to a single exhibit, each page should be bates-stamped.  Counsel should contact the courtroom clerk to determine if the trial judge has a specific preference for how exhibits should be marked.

3. In a case where it is reasonable to presume voluminous documents will be produced during discovery, counsel are urged to agree upon a protocol for the pre-marking of exhibits at the earliest time possible, preferably before the initiation of discovery and delivery to a document depository.   It is less expensive to mark and index voluminous documents as they are deposited than when it is done on the eve of trial.

4. Counsel are required to cooperate throughout the trial so that one party's electronic exhibits are available to the other side to display during cross-examination.

5. The electronic version of documents, photographs, charts or other demonstrative evidence may be substituted for the actual exhibit at trial upon the stipulation of the parties and order of the court.  This guideline is not meant to alter the rules of discovery or the obligation of a party to make available the original of a document for inspection by another party through discovery or at the Issues Conference.

6. Physical exhibits and documents are not required to be presented in a digitalized format.   However, evidence which has not been presented in electronic form customarily will be ordered by the court returned at the end of the appeal period to the party which offered it. Before trial commences, counsel will be asked to sign a stipulation for the return and maintenance of the exhibits. Plaintiff will maintain joint exhibits unless the court orders otherwise.

## IX.  <u>Use of the Court's Evidence Presentation Systems</u>

1. **On-Site Electronic Evidence Presentation Systems:** Every courtroom has the capability of being equipped with court-based evidence presentation systems for use by the parties. Counsel are strongly encouraged to take advantage of the benefits of the electronic presentation of evidence when in trial at the Civil Complex Center to enhance the orderly and effective presentation of evidence, reduce concerns about the custody and security of exhibits, and  reduce the work and expense associated with the tagging, storing and transporting of exhibits.  In an appropriate case, the court may require the

use of an electronic evidence presentation system. Electronic evidence presentation systems must be compatible with the court's infrastructure (video distribution amplifier, wiring, conduit, floor receptacles and connectors).

2. **Electronic Evidence Standard Format:** Counsel presenting evidence that is exclusively electronic in form must present the evidence in PDF file format and stored on CD-R. Whenever evidence is presented electronically, the physical custody of exhibits by the clerk is replaced by the electronic record of the exhibits. Evidence must be in sequential order with the exception of JPEG and MPEG files which shall be stored on separate discs. Counsel may also prepare electronic evidence using alternate non-proprietary formats subject to the approval of the court. The compact discs (CDs) must be labeled as follows:

Case #
Case Name
Exhibits _____ to _____
(Original or Backup copy)

The courtroom clerk will maintain an updated exhibit list. When evidence is electronically presented at the trial, the court may require counsel to periodically submit to the clerk an up-to-date CD containing exhibits received into evidence.

It is counsels' responsibility to identify and track redactions, modifications, and substitution of exhibits. Counsel are expected to be prepared to submit an up-to-date evidence CD with all redactions, modifications, and substitutions, as well as impeachment documents used, upon the courtroom clerk's request.

Impeachment exhibits are not pre-marked. However, counsel are responsible for having the document electronically recorded upon being offered into evidence (exhibit numbers may be reserved for this purpose).

If the jury will be provided the evidence in electronic format for its deliberation, the parties are required to meet and confer and submit the final joint exhibit list containing only those exhibits received into evidence. The CD used by the jurors must include the joint exhibit list and the electronically stored exhibits which have been entered into evidence. Submission of the joint evidence CD also serves as a stipulation that all exhibits presented in electronic form to the jury are complete and correct. Any disagreement must be brought to the attention of the court at the earliest reasonable time. Counsel must lodge two (2) evidence CDs of all exhibits received into evidence.

## X. TRIALS – MOTIONS IN LIMINE

Counsel should attempt to resolve evidentiary disputes at the Local Rule 317 Issues Conference before resorting to filing a motion *in limine*. It is frequently more productive of court time, and the client's money for counsel to informally address at the Issues Conference the issues which could be raised in motions *in limine* and, instead of a motion, present a stipulation to the court on uncontested issues. Matters of day-to-day

trial logistics and common professional courtesy should not be the subject of motions *in limine*.  These are matters of common professional courtesy that should be accorded counsel in all trials. See, <u>Kelly v. New West Federal Savings</u> (1996) 49 Cal.App.4th 659,671.

APPENDIX 1

**California Attorney Guidelines of Civility and Professionalism**

(Abbreviated, adopted July 20, 2007)

INTRODUCTION. As officers of the court with responsibilities to the administration of justice, attorneys have an obligation to be professional with clients, other parties and counsel, the courts and the public. This obligation includes civility, professional integrity, personal dignity, candor, diligence, respect, courtesy, and cooperation, all of which are essential to the fair administration of justice and conflict resolution.

These are guidelines for civility. The Guidelines are offered because civility in the practice of Law promotes both the effectiveness and the enjoyment of the practice and economical client representation. The legal profession must strive for the highest standards of attorney behavior to elevate and enhance our service to justice. Uncivil or unprofessional conduct not only disserves the individual involved, it demeans the profession as a whole and our system of justice.

These voluntary Guidelines foster a level of civility and professionalism that exceed the minimum requirements of the mandated Rules of Professional Conduct as the best practices of civility in the practice of law in California. The Guidelines are not intended to supplant these or any other rules or laws that govern attorney conduct. Since the Guidelines are not mandatory rules of professional conduct, nor rules of practice, nor standards of care, they are not to be used as an independent basis for disciplinary charges by the State Bar or claims of professional negligence.

The Guidelines are intended to complement codes of professionalism adopted by bar associations in California. Individual attorneys are encouraged to make these guidelines their personal standards by taking the pledge that appears at the end. The Guidelines can be applicable to all lawyers regardless of practice area. Attorneys are encouraged to comply with both the spirit and letter of these guidelines, recognizing that complying with these guidelines does not in any way denigrate the attorney's duty of zealous representation.

SECTION 1. The dignity, decorum and courtesy that have traditionally characterized the courts and legal profession of civilized nations are not empty formalities. They are essential to an atmosphere that promotes justice and to an attorney's responsibility for the fair and impartial administration of justice.

SECTION 2. An attorney should be mindful that, as individual circumstances permit, the goals of the profession include improving the administration of justice and contributing time to persons and organizations that cannot afford legal assistance.

An attorney should encourage new members of the bar to adopt these guidelines of civility and professionalism and mentor them in applying the guidelines.

SECTION 3. An attorney should treat clients with courtesy and respect, and represent them in a civil and professional manner. An attorney should advise current and potential clients that it is not acceptable for an attorney to engage in abusive behavior or other conduct unbecoming a member of the bar and an officer of the court.

As an officer of the court, an attorney should not allow clients to prevail upon the attorney to engage in uncivil behavior.

An attorney should not compromise the guidelines of civility and professionalism to achieve an advantage.

SECTION 4. An attorney's communications about the legal system should at all times reflect civility, professional integrity, personal dignity, and respect for the legal system. An attorney should not engage in conduct that is unbecoming a member of the Bar and an officer of the court.

Nothing above shall be construed as discouraging the reporting of conduct that fails to comply with the Rules of Professional Conduct.

SECTION 5. An attorney should be punctual in appearing at trials, hearings, meetings, depositions and other scheduled appearances.

SECTION 6. An attorney should advise clients that civility and courtesy in scheduling meetings, hearings and discovery are expected as professional conduct.

In considering requests for an extension of time, an attorney should consider the client's interests and need to promptly resolve matters, the schedules and willingness of others to grant reciprocal extensions, the time needed for a task, and other relevant factors.

Consistent with existing law and court orders, an attorney should agree to reasonable requests for extensions of time that are not adverse to a client's interests.

SECTION 7. The timing and manner of service of papers should not be used to the disadvantage of the party receiving the papers.

SECTION 8. Written materials directed to counsel, third parties or a court should be factual and concise and focused on the issue to be decided.

SECTION 9. Attorneys are encouraged to meet and confer early in order to explore voluntary disclosure, which includes identification of issues, identification of persons with knowledge of such issues, and exchange of documents.

Attorneys are encouraged to propound and respond to formal discovery in a manner designed to fully implement the purposes of the California Discovery Act.

An attorney should not use discovery to harass an opposing counsel, parties or witnesses. An attorney should not use discovery to delay the resolution of a dispute.

SECTION 10. An attorney should consider whether, before filing or pursuing a motion, to contact opposing counsel to attempt to informally resolve or limit the dispute.

SECTION 11. It is important to promote high regard for the profession and the legal system among those who are neither attorneys nor litigants. An attorney's conduct in dealings with nonparty witnesses should exhibit the highest standards of civility.

SECTION 12. In a social setting or otherwise, an attorney should not communicate ex parte with a judicial officer on the substance of a case pending before the court, unless permitted by law.

SECTION 13. An attorney should raise and explore with the client and, if the client consents, with opposing counsel, the possibility of settlement and alternative dispute resolution in every case as soon possible and, when appropriate, during the course of litigation.

SECTION 14. To promote a positive image of the profession, an attorney should always act respectfully and with dignity in court and assist the court in proper handling of a case.

SECTION 15. An attorney should not take the default of an opposing party known to be represented by counsel without giving the party advance warning.

SECTION 16. An attorney should avoid even the appearance of bias by notifying opposing counselor an unrepresented opposing party of any close, personal relationships between the attorney and a judicial officer, arbitrator, mediator or court-appointed expert and allowing a reasonable opportunity to object.

SECTION 17. An attorney should respect the privacy rights of parties and non-parties.

SECTION 18. An attorney should negotiate and conclude written agreements in a cooperative manner and with informed authority of the client.

In addition to other applicable Sections of these Guidelines, attorneys engaged in a transactional practice have unique responsibilities because much of the practice is conducted without judicial supervision.

SECTION 19. In addition to other applicable Sections of these Guidelines, in family law proceedings an attorney should seek to reduce emotional tension and trauma and encourage the parties and attorneys to interact in a cooperative atmosphere, and keep the best interests of the children in mind.

SECTION 20. In addition to other applicable Sections of these Guidelines, criminal law practitioners have unique responsibilities. Prosecutors are charged with seeking justice, while defenders must zealously represent their clients even in the face of seemingly overwhelming evidence of guilt. In practicing criminal law, an attorney should appreciate these roles.

SECTION 21. Judges are encouraged to become familiar with these Guidelines and to support and promote them where appropriate in court proceedings.

---

ATTORNEY'S PLEDGE. I commit to these Guidelines of Civility and Professionalism and will be guided by a sense of integrity, cooperation and fair play.

I will abstain from rude, disruptive, disrespectful, and abusive behavior, and will act with dignity, decency, courtesy, and candor with opposing counsel, the courts and the public.

As part of my responsibility for the fair administration of justice, I will inform my clients of this commitment and, in an effort to help promote the responsible practice of law, I will encourage other attorneys to observe these Guidelines.

(Rev. May 4, 2010)