1  TIMOTHY B. DEL CASTILLO (SBN: 277296)
   tdc@castleemploymentlaw.com
2  LISA L. BRADNER (SBN: 197952)
   lb@castleemploymentlaw.com
3  **CASTLE LAW: CALIFORNIA EMPLOYMENT COUNSEL, PC**
   2999 Douglas Blvd, Suite 180
4  Roseville, CA 95661
   Telephone: (916) 245-0122
5
6  **RICHARDSON EMPLOYMENT LAW, P.C.**
   DANIEL E. RICHARDSON (SBN 289327)
7  dr@richardsonemploymentlaw.com
   2281 Lava Ridge Ct., Suite 200
8  Roseville, CA 95661
   Telephone: (916) 333-7959 | Fax: (916) 333-7916
9
10 Attorneys for Plaintiffs
   NATHAN CHRISTENSEN AND ISABELLA FULLI
11 *Additional Counsel on Following Page.*
12
                    **UNITED STATES DISTRICT COURT**
13
                    **CENTRAL DISTRICT OF CALIFORNIA**
14

| | |
|---|---|
| 15 NATHAN CHRISTENSEN, individually and on behalf of all persons similarly situated, | Case No. 8:20−cv−00776−HDV−KES |
| 16 | *Assigned to the Honorable Hernán D. Vera* |
| 17 Plaintiff, | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| 18 v. | |
| 19 CARTER'S RETAIL, INC., a Corporation; and Does 1 through 50, Inclusive, | Date:       June 26, 2025 |
| 20 | Time:       10:00 a.m. |
| 21 Defendants. | Location: First Street U.S. Courthouse, 350 W. 1st Street, Courtroom 5B, 5th Floor, Los Angeles, CA 90012 |
| 22 | |
| 23 | [Orange County Superior Court Case No.30-2020-01138792-CU-OE-CXC] |
| 24 | |
| 25 | Complaint Filed: March 16, 2020 |
| 26 | Trial Date:       Vacated |

27
28

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**

2
Norman B. Blumenthal (SBN 068687)
Kyle R. Nordrehaug (SBN 205975)

3
Aparajit Bhowmik (SBN 248066)
Victoria B. Rivapalacio (SBN 275115)

4
Charlotte E. James (SBN 308441)
2255 Calle Clara

5
La Jolla, CA 92037
Telephone: (858) 551-1223

6
Facsimile: (858) 551-1232

7
Attorneys for Plaintiffs
NATHAN CHRISTENSEN AND ISABELLA FULLI

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 26, 2025, at 10:00 a.m. or as soon thereafter as the matter may be heard, in the above-entitled Court located at 350 W. 1st Street, Courtroom 5B, 5th Floor, Los Angeles, California 90012, before the Honorable Hernán D. Vera, Plaintiff NATHAN CHRISTENSEN ("Plaintiff"), individually and on behalf of all others similarly situated, will and hereby do move this Court for entry of an Order:

1.  Preliminarily certifying the proposed class for purposes of settlement;

2.  Preliminarily appointing Plaintiff and Isabella Fulli as class representatives for purposes of settlement;

3.  Preliminarily approving Timothy Del Castillo and Lisa Bradner of Castle Law: California Employment Counsel, P.C.; and Norman Blumenthal, Kyle Nordrehaug, Aparajit Bhowmik, Victoria Rivapalacio, and Charlotte James of Blumenthal Nordrehaug Bhowmik De Blouw LLP; and Daniel Richardson of Richardson Employment Law, P.C., as class counsel;

4.  Preliminarily approving the settlement as fair, adequate, and reasonable, based upon the terms set forth in the parties' Class and Representative Action Settlement Agreement and Release (the "Settlement Agreement"), including payment by Defendant Carter's Retail, Inc. ("Defendant") of the non-reversionary gross settlement amount of $660,000.00;

5.  Preliminarily approving payment of reasonable attorneys' fees from the Gross Settlement Amount in an amount not to exceed 35% of the Gross Settlement Amount (i.e., up to $231,000.00), plus necessary litigation costs not to exceed $75,000.00;

6.  Preliminarily approving class representative service payments in an amount of up to $7,500.00 for Nathan Christensen, and up to $7,500.00 for Isabella Fulli, from the Gross Settlement Amount to compensate them for

the responsibilities, time, effort, and risks involved in coming forward on behalf of the proposed class;

7.    Preliminarily approving the allocation of $160,000.00 for penalties pursuant to the California Labor Code Private Attorneys General Act of 2004, of which 75% (i.e., $120,000.00) shall be paid to the California Labor and Workforce Development Agency ("LWDA") from the Gross Settlement Amount, with the remaining 25% (i.e., $40,000.00) payable to the aggrieved employees;

8.    Appointing Simpluris, Inc. (the "Settlement Administrator") as the settlement administrator to handle the notice and administration process and preliminarily approving settlement administration costs estimated to be $23,123.00;

9.    Approving the proposed class notice and ordering it be disseminated to the class members as provided in the Settlement Agreement;

10.   Directing the Settlement Administrator to mail the class notice to the proposed class;

11.   Approving the proposed deadlines for the notice and administration process as reflected in this motion and in the Settlement Agreement;

12.   Setting a date for a final fairness hearing to determine, following dissemination of the proposed class notice packet, whether to grant final approval of the settlement; and,

13.   Granting Plaintiff leave to file an amended complaint, in the form attached hereto as Exhibit A, joining Isabella Fulli as a plaintiff and adding an additional claim for failure to timely pay final wages.

This motion is made following a conference of counsel pursuant to Local Rule 7-3.

This motion is based on this Notice of Motion and Motion for Preliminary Approval of Class Action Settlement; the Memorandum of Points and Authorities in

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

support thereof; the declaration of Timothy Del Castillo; the declaration of Plaintiff Nathan Christensen; the declaration of Plaintiff Isabella Fulli; the other records, pleadings, and papers filed in this action; and upon such other evidence or argument as may be presented to the court at the hearing of this motion.

Dated:  May 21, 2025                              **CASTLE LAW: CALIFORNIA EMPLOYMENT COUNSEL, PC**

                                                       By: /s/ Timothy B. Del Castillo
                                                       Timothy B. Del Castillo
                                                     Lisa L. Bradner
                                                       Attorneys for Plaintiffs
                                                     NATHAN CHRISTENSEN and ISABELLA FULLI

Dated:  May 21, 2025                              **RICHARDSON EMPLOYMENT LAW, P.C.**

                                                       By:/s/ Daniel E. Richardson
                                                       Daniel E. Richardson
                                                       Attorneys for Plaintiffs
                                                     NATHAN CHRISTENSEN and ISABELLA FULLI

Dated:  May 21, 2025                              **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**

                                                       By: /s/ Kyle R. Nordrehaug
                                                     Norman B. Blumenthal
                                                      Kyle R. Nordrehaug
                                                     Aparajit Bhowmik
                                                      Victoria Rivapalacio
                                                       Charlotte E. James
                                                     Attorneys for Plaintiffs
                                                     NATHAN CHRISTENSEN and ISABELLA FULLI

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# EXHIBIT A

1  **RICHARDSON EMPLOYMENT LAW, P.C.**
   DANIEL E. RICHARDSON (SBN 289327)
2  dr@richardsonemploymentlaw.com
   2281 Lava Ridge Ct., Suite 200
3  Roseville, CA 95661
   Telephone: (916) 333-7959 | Fax: (916) 333-7916
4

5  TIMOTHY B. DEL CASTILLO (SBN: 277296)
   tdc@castleemploymentlaw.com
6  LISA L. BRADNER (SBN: 197952)
   lb@castleemploymentlaw.com
7  **CASTLE LAW: CALIFORNIA EMPLOYMENT COUNSEL, PC**
   2999 Douglas Blvd, Suite 180
8  Roseville, CA 95661
   Telephone: (916) 245-0122
9
   *Additional Counsel on Following Page.*
10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13  |                                    | )  | Case No. 8:20−cv−00776−HDV−KES |
14  NATHAN CHRISTENSEN and                 )
    ISABELLA FULLI, individually and       )  **FIRST AMENDED CLASS ACTION**
15  on behalf of all persons similarly     )  **COMPLAINT**
    situated,                              )
                                           )  1. Failure to Pay Minimum Wage for
16           Plaintiffs,                   )     All Hours Worked;
             v.                            )  2. Failure to Pay Overtime Wages;
17                                         )  3. Failure to Provide Required Meal
    CARTER'S RETAIL, INC., a               )     Periods;
    Corporation; and Does 1 through 50,    )  4. Failure to Provide Required Rest
18  Inclusive,                             )     Periods;
                                           )  5. Failure to Reimburse Business
19           Defendants.                   )     Expenses
                                           )  6. Failure to Provide Accurate Wage
20                                         )     Statements;
                                           )  7. Final Wages Not Timely Paid;
21                                         )  8. Failure to Provide Suitable Seating
                                           )     (Cal. Lab. Code § 1198 and  Cal.
22                                         )     Code Regs. tit. 8, § 11070(14);
                                           )  9. Violation of California Unfair
23                                         )     Competition Law (Business &
                                           )     Professions Code § 17200 et seq.; and
24                                         )  10. Violation of the Private Attorneys
                                           )     General Act (Cal. Lab. Code § 2698
25                                         )     et seq.)
                                           )
26                                         )
                                           )  **JURY TRIAL DEMANDED**
27

28

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (SBN 068687)
Kyle R. Nordrehaug (SBN 205975)
Aparajit Bhowmik (SBN 248066)
Charlotte E. James (SBN 308441)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiffs
NATHAN CHRISTENSEN AND ISABELLA FULLI

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs Nathan Christensen and Isabella Fulli (collectively, "Plaintiffs"), individually and on behalf of other similarly situated employees hereby files this First Amended Class Action Complaint against Defendants Carter's Retail, Inc. and Does 1 through 50 (collectively referred to as "Defendants"). Plaintiffs alleges the following:

## JURISDICTION AND VENUE

1.      This class action was originally brought in the Superior Court of the State of California for the County of Orange pursuant to California Code of Civil Procedure section 410.10 and California Business & Professions Code section 17203.

2.      Venue is proper in the Superior Court of the State of California for the County of Orange pursuant to California Code of Civil Procedure sections 395 and 395.5, because Defendants (i) currently maintains and at all relevant times maintained offices and facilities in Orange County and/or conducts substantial business in Orange County, and (ii) some of the wrongful acts and violations of law asserted herein occurred within Orange County.

## PARTIES

3.      Plaintiffs are individuals over the age of eighteen (18) and are now and at all relevant times residents of the State of California.

4.      Defendant Carter's Retail, Inc. is a major American designer and marketer of children's apparel.

5.      Plaintiffs are informed and believe, and thereupon allege that Defendant Carter's Retail, Inc. was and is a corporation that, at all relevant times mentioned herein, conducted and continues to conduct substantial and regular business throughout the State of California.

6.      Plaintiff Nathan Christensen has been employed by Defendant Carter's Retail, Inc. in California as a non-exempt employee entitled to overtime pay and meal and rest periods since November of 2015.

7.    Plaintiff Isabella Fulli was employed by Defendant Carter's Retail, Inc. in California as a non-exempt, hourly employee entitled to overtime pay and meal and rest breaks from approximately November 16, 2019 to November 14, 2022.

8.    Plaintiffs are informed and believe, and based thereon allege, that Defendants, jointly and severally, have acted with deliberate indifference and conscious disregard to the rights of all employees.

9.    Defendants proximately caused Plaintiffs and similarly situated employees to be subjected to the unlawful practices, wrongs, complaints, injuries, and/or damages alleged in this Complaint.

10.    Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein was, at all times relevant to this action, the agent, employee, or joint employer or joint venturer of the remaining defendants and were acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to each of the remaining defendants. The true names and capacities of the defendants named herein Does 1 through 50, inclusive, whether individual, corporate, associate, or otherwise are unknown to Plaintiffs, who therefore sue such defendants by fictitious names pursuant to California Code of Civil Procedure section 474.   Plaintiffs will amend this complaint to show such true names and capacities of Does 1 through 50, inclusive, when they have been determined.

11.    Plaintiffs further allege that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiffs and the other class members so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

12.    Plaintiffs bring this action, individually and on behalf of all others similarly situated, as a class action pursuant to California Code of Civil Procedure section 382.

FIRST AMENDED CLASS ACTION COMPLAINT

13.     The class that Plaintiffs seeks to represent are composed of and defined as follows:

> All current and former hourly-paid or non-exempt employees who worked for Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

**Subclass A**

> All class members who were required to perform tasks prior to clocking in or out related to the opening or closing of Defendants' stores, including, without limitation, unlocking or locking the stores and activating or deactivating alarm systems.

**Subclass B**

> All class members who were required by Defendants to wait for and submit to mandatory loss prevention inspections after clocking out for meal breaks and at the end of each scheduled shift.

14.     This action has been brought and may be properly maintained as a class action, pursuant to the provision of California Code of Civil Procedure section 382, because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable.

(a) <u>Numerosity</u>: The class members are so numerous that the joinder of all members is impracticable under the circumstances of this case. While the exact number of class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe that Defendants may have employed hundreds of individuals falling within the above stated class definitions throughout the State of California during the applicable statute of limitations, who were subjected to the practices outlined in this Complaint. As such, joinder of all class members is not practicable.

FIRST AMENDED CLASS ACTION COMPLAINT

(b)     Common Questions Predominate: Common questions of law and fact exist as to all class members and predominate over questions that affect only individual members of the class.  These common questions of law and fact include, without limitation, the following:

(1)     Whether Defendants accurately stated all required information on paystubs issued to employees;

(2)     Whether Defendants maintained the time and payroll records for their employees as required under the California Labor Code;

(3)     Whether Defendants provided meal and rest periods to their employees as required under the California Labor Code;

(4)     Whether Defendants maintained policies and practices that deprived meal and rest periods to their employees in violation of the California Labor Code;

(5)     Whether Defendants paid all required minimum wages to their employees as required under the California Labor Code;

(6)     Whether Defendants required employees to work off the clock;

(7)     Whether Defendants reimbursed employees for reasonable business expenses, including reimbursement for cell phone usage; and

(8)     Whether Defendants provided their employees with suitable seating as required by California Code of Regulations, Title 8, section 11070(14)(A).

(c)     Typicality: Plaintiffs' claims are typical of the claims of the members of the class.   Plaintiffs also sustained damages arising out of

FIRST AMENDED CLASS ACTION COMPLAINT

Defendants' common course of conduct in violation of the law as complained of herein.  Defendants failed to provide meal and rest periods to their employees, failed to pay all minimum wages and overtime owed, and issued Plaintiffs and all members of the putative class wage statements that did not comply with Labor Code section 226.  Additionally, Defendants failed to reimburse Plaintiffs and class members for reasonable business expenses and failed to provide suitable seating.  As a result, each putative class member will have the same basis for their legal claims.

(d)     Adequacy: Plaintiffs will fairly and adequately protect the interests of the members of the putative class.  Plaintiffs reside in California and are an adequate representatives of the putative class as they has no interests that are adverse to those of absent class members. Additionally, Plaintiffs have retained counsel who have substantial experience in complex civil litigation and wage and hour matters.

(e)     Superiority: A class action is superior to other available means for the fair and efficient adjudication of the controversy since individual joinder of all members of the classes is impracticable.  Class action treatment will permit a larger number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  Further, as damages suffered by each individual member of the classes may be relatively small, the expenses and burden of the individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, and an important public interest will be served by addressing the matter as a class action.  The cost to the court system of adjudication of such individualized

7

FIRST AMENDED CLASS ACTION COMPLAINT

litigation would be substantial.  Individualized litigation would also
present the potential for inconsistent or contradictory judgments.

15.    Plaintiffs are unaware of any difficulties that are likely to be encountered
in the management of this action that would preclude its maintenance as a class action.

## GENERAL ALLEGATIONS

16.    Plaintiffs incorporate by reference and re-allege the above paragraphs as
though fully set forth herein.

17.     Defendant Carter's Retail, Inc. is a major American designer and
marketer of children's apparel. Defendant was founded in 1865 by William Carter.

18.    Plaintiff Nathan Christensen has been employed by Defendants as a non-
exempt hourly employee in the State of California since November 2015.

19.    Plaintiff Isabella Fulli worked for Defendants as a non-exempt employee
hourly in the State of California from approximately November 2019 to approximately
November 2022.

20.    Plaintiffs were at all relevant times mentioned herein classified by
Defendants as non-exempt employees, and were entitled to overtime pay, minimum
wages, meal and rest periods, and reimbursement for business expenses.  However,
Defendants failed to provide meal and rest periods to Plaintiffs and the class members,
failed to pay all minimum wages owed, and violated various other provisions of the
Labor Code.

21.    Defendants continue to employ hourly-paid or non-exempt employees
within the State of California.

22.    Plaintiffs brings this class action individually and on behalf similarly
situated employees in order to fully compensate themselves and class members for
their losses incurred during the class period caused by Defendants' uniform policies
and practices which failed to lawfully compensate these employees.

8

FIRST AMENDED CLASS ACTION COMPLAINT

23.     Defendants' uniform policies and practices alleged herein were unlawful, unfair, and deceptive business practices whereby Defendants retained and continue to retain wages due Plaintiffs and the other class members.  Plaintiffs and the other class members seek an injunction enjoining such conduct by Defendants in the future, relief for the named Plaintiffs and the other class members who have been economically injured by Defendants' past and current unlawful conduct, and all other appropriate legal and equitable relief.

24.     Plaintiffs and the other class members worked over eight hours in a day, and/or forty hours in a week during their employment with Defendants.

25.     Plaintiffs are informed and believe, and based thereon allege, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

26.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

27.     As a result of their rigorous work schedules, Plaintiffs and the other class members were from time to time unable to take off duty meal breaks and/or not fully relieved of duty for meal breaks. Plaintiffs and the other class members were required by Defendants from time to time to perform work for more than five hours during a shift without receiving a 30-minute, duty-free meal period as required under the law. Plaintiffs and the other class members regularly missed their meal periods or they were provided late. On the occasions when Plaintiffs and the other class members were provided a meal break before the fifth hour of work, those meal periods were regularly interrupted within 30 minutes of the start of the meal period because Plaintiffs and the other class members were required to attend to job-related responsibilities.

FIRST AMENDED CLASS ACTION COMPLAINT

Additionally, on occasions when Plaintiffs and the other class members were provided a meal break before the fifth hour of work, Defendants did not permit Plaintiffs and the other class members to leave the premises from time to time due to understaffing. Work performed during meal breaks was also not compensated, resulting in unpaid off-the-clock work.

28.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and other the other class members were entitled to receive all meal periods or payment of one additional hour of pay at their regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at their regular rate when they did not receive a timely, off-duty, 30-minute meal period.

29.    Defendants also failed to provide rest periods to Plaintiffs and the other class members for every 4 hours worked or major fraction thereof.

30.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and other the other class members were entitled to receive all rest periods or payment of one additional hour of pay at their regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at their regular rate when they did not receive a timely, off-duty, 10-minute rest period.

31.    Additionally, Defendants required Plaintiffs and the other class members to perform off-the-clock work. Plaintiffs and the other class members were required to, as a condition of employment, wait for and submit to mandatory loss prevention inspections after clocking out for meal breaks and at the end of each scheduled shift. Defendants did not compensate Plaintiffs and the other class members for this time waiting for and submitting to the off-the-clock loss prevention inspections. Additionally, Plaintiffs and the other class members were required to perform tasks prior to clocking in or out related to the opening or closing of Defendants' stores, including, without limitation, unlocking or locking the stores and activating or

FIRST AMENDED CLASS ACTION COMPLAINT

deactivating alarm systems. Plaintiffs and the other class members were also required to answer phone calls on their personal cell phone after clocking out for the day to answer work-related questions.

32.    Defendants, as a matter of corporate policy, practice, and procedure, intentionally, knowingly and systematically failed to reimburse and indemnify Plaintiffs and other class members for required business expenses incurred in direct consequence of discharging their duties on behalf of Defendants. For example, Plaintiffs and other class members were required to use their personal cell phones for business purposes but were not reimbursed by Defendants.

33.    As a result of the violations listed above, Defendants failed to supply Plaintiffs and other class members with legally compliant wage statements that accurately reflected, among other things, total hours worked, gross wages earned, the amount of meal and rest period premium pay, and overtime owed to them. Consequently, Plaintiffs and other class members were deprived of the information necessary to determine the total wages owed to them from their wage statements alone.

34.    Defendants also did not provide Plaintiffs and the other class members all wages, including, without limitation, unpaid meal and rest break premium pay, owed upon their termination or within seventy-two (72) hours of their separation from employment.

35.    California Labor Code section 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Aside from the violations listed above in this paragraph, Defendants failed to issue to Plaintiffs and the other class members an itemized wage statement that lists all the information required under California Labor Code section 226.

36.    Defendants' uniform policies and practices to not provide Plaintiffs and class members meal and rest periods, not pay all minimum wages earned, not pay all

FIRST AMENDED CLASS ACTION COMPLAINT

wages owed at termination or resignation, and not to provide compliant wage statements are evidenced by Defendants' business records.

37.    Plaintiffs are informed and believe, and based thereon allege, that the sales counters in Defendants' California stores are generally similar in their layout and design and that there is ample space behind each counter area to allow for the presence and use of a stool or seat by Defendants' non-exempt employees during the performance of their work duties. Defendants' non-exempt employees working at Defendants' locations spend a very substantial portion, and, in many workdays, the vast majority of their working time behind these counters. The nature of the work can reasonably be accomplished while using a seat/stool.

38.    In violation of the applicable sections of the California Labor Code and the requirements of the applicable Industrial Welfare Commission ("IWC") Wage Order, Defendants intentionally and knowingly fails to provide Plaintiffs and the other class members suitable seating when the nature of these employees' work reasonably permits sitting.

39.    Defendants knew or should have known that Plaintiffs and the other class members were entitled to suitable seating and/or were entitled to sit when it did not interfere with the performance of their duties, and that Defendants did not provide suitable seating and/or did not allow them to sit when it did not interfere with the performance of their duties.

40.    By reason of this conduct applicable to Plaintiffs and other non-exempt employees, Defendants violated California Labor Code Section 1198 and Wage Order 4–2001, Section 14 by failing to provide suitable seats.

## **FIRST CAUSE OF ACTION**
## **Failure to Pay Minimum Wages for All Hours Worked**
### **(Against Carter's Retail Inc. and Does 1 through 50)**

41.    Plaintiffs incorporate by reference and re-allege the above paragraphs as though fully set forth herein.

42.     Pursuant to California Labor Code section 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

43.     California Labor Code section 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

44.     California Labor Code section 1197.1 provides that any employer who pays a wage less than the minimum wage shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable waiting time penalties imposed pursuant to California Labor Code section 203.

45.     California Labor Code section 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

46.     Defendants required, permitted or suffered Plaintiffs and the other class members to work without paying them for all the time they were under Defendants' control. Defendants inaccurately calculated the correct time worked and consequently underpaid the actual time worked by Plaintiffs and other class members. Defendants acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

47.     As a direct result of Defendants' unlawful wage practices as alleged herein, Plaintiffs and the other class members did not receive the correct minimum wage compensation for their time worked for Defendants.

48.     By virtue of Defendants' unlawful failure to accurately pay all earned compensation to Plaintiffs and the other class members for the true time they worked, Plaintiffs and the other class members have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them, and which will be ascertained according to proof at trial.

49.    Defendants knew or should have known that Plaintiffs and the other class members were under compensated for their time worked. Defendants elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and Defendants perpetrated this scheme by refusing to pay Plaintiffs and the other class members the correct minimum wages for their time worked.

50.    Defendants' conduct described herein violates California Labor Code sections 1194, 1197, and 1197.1, and the applicable Wage Orders.  As a proximate result of Defendants' conduct, Plaintiffs and the other class members have been damaged and deprived of minimum wages, in an amount to be established at trial. Plaintiffs and the other class members are entitled to these wages, liquidated damages pursuant to California Labor Code section 1194.2, attorney's fees and costs, and interest pursuant to California Labor Code sections 1194.

## SECOND CAUSE OF ACTION
## Failure to Pay Overtime Wages
**(Against Carter's Retail Inc. and Does 1 through 50)**

51.    Plaintiffs incorporate by reference and re-allege the above paragraphs as though fully set forth herein.

52.    California Labor Code section 510 and the applicable IWC Wage Order provide that employees in California who work more than eight (8) hours per workday and/or more than forty (40) hours per workweek shall be compensated at a rate of no less than one and one-half times the regular rate of pay and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day. California Labor Code section 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

53.    California Labor Code section 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit.

FIRST AMENDED CLASS ACTION COMPLAINT

54.     Pursuant to California Labor Code section 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

55.     Plaintiffs and the other class members were not exempt from overtime protections under the applicable IWC Wage Orders and the California Labor Code.

56.     During the relevant period, Plaintiffs and the other class members regularly worked in excess of eight (8) hours per day and/or forty (40) hours per week.

57.     Defendants failed to accurately pay Plaintiffs and the other class members overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by California Labor Code sections 204, 510, 1194, and 1198, even though Plaintiffs and the other class members were required to work, and did in fact work, overtime as to which Defendants failed to accurately record and pay using the applicable overtime rate as evidenced by Defendants' business records and witnessed by employees.

58.     Defendants knew or should have known that Plaintiffs and the other class members are under compensated for their overtime worked. Defendants elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and Defendants perpetrated this scheme by refusing to pay Plaintiffs and the other class members the applicable overtime rate.

59.     Defendants' conduct described herein violates California Labor Code sections 204, 510, 1194, 1198 and the applicable Wage Orders.  As a proximate result of Defendants' conduct, Plaintiffs and the other class members have been damaged and deprived of overtime wages, in an amount to be established at trial.  Plaintiffs and the other class members are entitled these wages, attorney's fees and costs, and interest pursuant to California Labor Code section 1194.

/ / /

/ / /

15

### THIRD CAUSE OF ACTION
### Failure to Provide Required Meal Periods
### (Against Carter's Retail Inc. and Does 1 through 50)

60.    Plaintiffs incorporate by reference and re-allege the above paragraphs as though fully set forth herein.

61.    An employer must provide an employee a meal period and/or rest period in accordance with the applicable Wage Order and California Labor Code sections 226.7 and 512.

62.    California Labor Code section 512 and Wage Order 7-2001, section 11(A) require an employer to provide a meal period of not less than thirty (30) minutes for each work period of more than five (5) hours.  If an employee works longer than ten (10) hours in a workday, the employer must provide a second meal period.

63.    California Labor Code section 226.7 provides for the payment of one hour of compensation at the regular rate of pay for each day that an employee is not provided a meal period.

64.    During the class period, from time to time, Defendants failed to provide all the legally required off-duty meal breaks to Plaintiffs and the other class members as required by the applicable Wage Order and California Labor Code. As a result of their rigorous work schedules, when Plaintiffs and other class members were able to take a meal period, Plaintiffs and the other class members were from time to time not fully relieved of duty by Defendants for their meal periods. Additionally, when Plaintiffs and other class members were able to take their meal periods, they were prohibited by Defendants from leaving the premises from time to time due to understaffing.

65.    As a proximate cause of Defendants' failure to provide meal periods, Plaintiffs and the other class members are entitled to one (1) hour of pay at the regular rate of compensation for each meal period and/or rest period not provided, as a wage,

from three (3) years of the filing of this action, in an amount to be established at trial. *See* California Labor Code § 226.7 and Wage Order 7-2001 § 11(B).

## FOURTH CAUSE OF ACTION
## Failure to Provide Rest Periods
### (Against Carter's Retail Inc. and Does 1 through 50)

66.   Plaintiffs incorporate by reference and re-allege the above paragraphs as though fully set forth herein.

67.   California Labor Code section 226.7 and Wage Order 7-2001 section 12(A) require an employer to provide a rest period of not less than ten (10) minutes for each work period of more than four (4) hours or a major fraction thereof.

68.   California Labor Code section 226.7 provides for the payment of one hour of compensation at the regular rate of pay for each day that an employee is not authorized and permitted a rest period.

69.   Plaintiffs and the other class members were from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. Plaintiffs and the other class members were also not provided with one hour of pay in lieu thereof.  As a result of their rigorous work schedules, Plaintiffs and the other class members were periodically denied their proper rest periods by Defendants and Defendants' managers.

70.   Defendants further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate Plaintiffs and the other class members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

71.    As a proximate cause of Defendants' failure to provide meal and rest periods, Plaintiffs and members of the Class are entitled to one (1) hour of pay at the regular rate of compensation for each meal period and/or rest period not provided, as a wage, from three (3) years of the filing of this action, in an amount to be established at trial.  *See* California Labor Code § 226.7 and Wage Order 7-2001 § 12(B).

### FIFTH CAUSE OF ACTION
### Failure to Reimburse Business Expenses
### (Against Carter's Retail Inc. and Does 1 through 50)

72.    Plaintiffs incorporate by reference and re-allege the above paragraphs as though fully set forth herein.

73.    California Labor Code section 2802(a) states that "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

74.    Defendants knew that Plaintiffs and the other members of the class incurred expenses for work purposes, including but not necessarily limited to business use of their personal cellular phones on behalf of and for the benefit of Defendants. However, Defendants did not reimburse Plaintiffs and the other class members for these expenses.

75.    Defendants' conduct described herein violated California Labor Code section 2802.  As a proximate result of Defendants' conduct, Plaintiffs and the other class members have been damaged in an amount to be established at trial, and are entitled to recover these damages, as well as interest and reasonable attorney's fees and costs, pursuant to statute.

FIRST AMENDED CLASS ACTION COMPLAINT

## SIXTH CAUSE OF ACTION
### Failure to Provide Accurate Wage Statements
### (Against Carter's Retail Inc. and Does 1 through 50)

76.    Plaintiffs incorporate by reference and re-allege the above paragraphs as though fully set forth herein.

77.    California Labor Code section 226(a) provides that an employer must provide an itemized statement to an employee, semi-monthly or at the time of each payment of wages, showing:

> *(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.*

78.     Defendants failed to provide Plaintiffs and the other class members with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned, and the correct amount of time worked.  Plaintiffs allege that Defendants failed to provide accurate itemized wage statements in accordance with California Labor Code section 226(a) to all class members.

79.     Plaintiffs allege that Defendants intentionally and knowingly failed to provide an itemized statement or failed to provide an accurate and complete itemized statement showing the requirements set forth in California Labor Code section 226(a). Specifically, Defendants did not accurately itemize all gross and net wages earned, all applicable hourly rates in effect during the pay period and corresponding rates of pay, including minimum wages, overtime wages, paid sick time, and meal and rest premiums. The wage statements did not accurately itemize Plaintiffs' and the other class members' total hours worked. Plaintiffs and the other class members were not able to promptly and easily determine their total hours worked from their wage statements alone. Additionally, Plaintiffs and the other class members suffered confusion over whether they received all wages owed and were prevented from effectively challenging information on their wage statements.

80.     As a proximate result of Defendants' failure to provide accurate statements to Plaintiffs and the other class members pursuant to California Labor Code section 226(a), Plaintiffs and the other class members were damaged and are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and an award of costs and reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION
### Final Wages Not Timely Paid
**(Against Carter's Retail Inc. and Does 1 through 50)**

81.     Plaintiffs incorporate by reference and re-allege the above paragraphs as

though fully set forth herein.

82. California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

83. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with Labor Code sections 201 and 202, then the wages of the employees shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced, but the wages shall not continue for more than thirty (30) days.

84. Plaintiffs and the other class members did not receive all wages at their termination or separation from employment, including, but not limited to, unpaid minimum wages, and unpaid meal and rest period penalties.

85. Defendants knew of their obligation to pay Plaintiffs and the other class members and Defendants' failure to pay all wages was in complete disregard of their obligations. Such conduct shows Defendants' knowledge of their obligation to pay all wages owed upon termination and willful refusal.

86. As a proximate result of the Defendants' conduct, Plaintiffs and class members have been damaged and deprived of their wages and are entitled to their daily rate of pay multiplied by thirty (30) days for Defendants' failure to pay all wages due.

**EIGHTH CAUSE OF ACTION**
**Failure to Provide Suitable Seating**
**[Cal. Lab. Code § 1198 *et seq,* and Cal. Code Regs. tit. 8, § 11070(14)]**
**(Against Carter's Retail Inc. and Does 1 through 50)**

87. Plaintiffs incorporate by reference and re-allege the above paragraphs as though fully set forth herein.

88.    California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.

89.    California Labor Code section 1198 requires that " . . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

90.    California Code of Regulations, Title 8, section 11070(14)(A) provides that "[a]ll working employees shall be provided with suitable seats when the nature of the  work reasonably permits the use of seats."

91.    California Code of Regulations, Title 8, section 11070(14)(B) provides that "[w]hen employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

92.    Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(14) because Plaintiffs and the other members are not permitted to sit, even if they are not engaged in active duties. They are not permitted to sit, even when it will not interfere with the performance of their duties, nor are they provided with suitable seats.

93.    Plaintiffs and the other class members are entitled to recover  all  remedies available for violations of California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(14).

## NINTH CAUSE OF ACTION
### Unfair Competition
### (Against Carter's Retail Inc. and Does 1 through 50)

94.    Plaintiffs incorporate by reference and re-allege the above paragraphs as though fully set forth herein.

FIRST AMENDED CLASS ACTION COMPLAINT

95.    Unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code. *See* Cal. Bus. and Prof. Code §§ 17200 *et seq.*

96.    Defendants committed numerous violations of the California Labor Code throughout the employment relationship as alleged herein.

97.    Plaintiffs are also informed and believe, and thereon allege, that such actions and/or conduct constitute a violation of the California Unfair Competition Law ("UCL") (Business and Professions Code section 17200 *et seq.*) pursuant to *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163 (2000).

98.    As a direct and legal result of Defendants' conduct, as alleged herein, pursuant to the UCL (including California Business and Professions Code section 17203), Plaintiffs and the other class members are entitled to restitution as a result of its unfair business practices, including, but not limited to, public injunctive relief, pursuant to California Business and Professions Code section 17203, and interest and penalties pursuant to California Business and Professions Code section 17203, 17208, violations of California Labor Code section 1194, 226, and 226.7, all in an amount as yet unascertained but subject to proof at trial, for four (4) years from the filing of this Action.

### <u>TENTH CAUSE OF ACTION</u>
### <u>Violation of the Private Attorneys General Act</u>
### Cal. Lab. Code §§ 2698, *et seq.*]
### (Against Carter's Retail Inc. and Does 1 through 50)

99.    Plaintiffs incorporate by reference and re-allege the above paragraphs as though fully set forth herein.

100.   The Private Attorneys General Act ("PAGA") is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement

agencies.    An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.    The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.    In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1.

101.    Plaintiff Christensen, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the PAGA, brings this Representative Action on behalf of the State of California with respect to himself and all individuals who worked for Defendants in California and were classified as non-exempt employees (the "Aggrieved Employees") during the time period of November 13, 2018 until the court-determined date of August 25, 2022 (the "PAGA Period").

102.    On November 13, 2019, Plaintiff Christensen gave written notice by electronic mail to the Labor and Workforce Development Agency (the "Agency") and by certified mail to the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3.  *See* **Exhibit #1**, attached hereto and incorporated by this reference herein.    The statutory waiting period for Plaintiff Christensen to add these allegations to the Complaint has expired. As a result, pursuant to Section 2699.3, Plaintiff Christensen may now commence a representative civil action under the PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all Aggrieved Employees as herein defined.

103.    The policies, acts and practices heretofore described were and are an unlawful business act or practice because Defendants (a) failed to provide Plaintiff Christensen and the other Aggrieved Employees accurate itemized wage statements, (b) failed to properly record and provide legally required meal and rest periods, (c) failed

to pay overtime wages, (d) failed to pay minimum wages, (e) failed to provide suitable seating, and (f) failed to reimburse employees for required expenses, all in violation of the applicable Labor Code sections listed in Labor Code Sections §§ 201-204, 210, 226, 226.7, 510, 512, 558, 1174, 1194, 1197, 1197.1, 1198, 2800, 2802, any applicable California Industrial Welfare Commission Wage Order, and California Code of Regulations, tit. 8, § 11070(14), and thereby gives rise to civil penalties as a result of such conduct. Plaintiff Christensen hereby seeks recovery of civil penalties as prescribed by the PAGA as the representative of the State of California for the illegal conduct perpetrated on Plaintiff Christensen and the other Aggrieved Employees.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs requests relief as follows:

1.    A jury trial;

2.    For an order certifying the class;

3.    For an order certifying Plaintiffs' counsel as class counsel;

4.    For an order appointing Plaintiffs as class representative;

5.    For penalties and liquidated damages under the California Labor Code according to proof allowed by law;

6.    For compensatory damages, including, but not limited to, unpaid wages, plus interest, according to proof allowed by law;

7.    For an award to Plaintiffs of costs of suit incurred herein and reasonable attorney's fees;

8.    For injunctive relief;

9.    For an award of prejudgment and post-judgment interest;

10.   On behalf of the State of California and with respect to all Aggrieved Employees for Cause of Action No. 10: (a) recovery of civil penalties as prescribed by the PAGA; and (b) an award of attorneys' fees and cost of suit, as allowable under the law, including, but not limited to California

FIRST AMENDED CLASS ACTION COMPLAINT

Labor Code section 2699; and

11.    For an award to Plaintiffs of such other and further relief as the Court deems just and proper.

Dated:                                    **CASTLE LAW: CALIFORNIA EMPLOYMENT COUNSEL, PC**


By:_____
Timothy B. Del Castillo
Lisa L. Bradner
Attorneys for Plaintiffs
NATHAN CHRISTENSEN and
ISABELLA FULLI

Dated:                                    **RICHARDSON EMPLOYMENT LAW, P.C.**


By:_____
Daniel E. Richardson
Attorneys for Plaintiffs
NATHAN CHRISTENSEN and
ISABELLA FULLI

Dated:                                    **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**


By:_____
Norman B. Blumenthal
Kyle R. Nordrehaug
Aparajit Bhowmik
Charlotte E. James
Attorneys for Plaintiffs
NATHAN CHRISTENSEN and
ISABELLA FULLI

FIRST AMENDED CLASS ACTION COMPLAINT

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury.

Dated:                              **CASTLE LAW: CALIFORNIA EMPLOYMENT COUNSEL, PC**


By:_____
Timothy B. Del Castillo
Lisa L. Bradner
Attorneys for Plaintiffs
NATHAN CHRISTENSEN and
ISABELLA FULLI

Dated:                              **RICHARDSON EMPLOYMENT LAW, P.C.**


By:_____
Daniel E. Richardson
Attorneys for Plaintiffs
NATHAN CHRISTENSEN and
ISABELLA FULLI

Dated:                              **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**


By:_____
Norman B. Blumenthal
Kyle R. Nordrehaug
Aparajit Bhowmik
Charlotte E. James
Attorneys for Plaintiffs
NATHAN CHRISTENSEN and
ISABELLA FULLI

27

EXHIBIT 1

# BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
**Web Site: www.bamlawca.com**

San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

WRITERS E-MAIL:                                                                                    WRITERS EXT:
**Nick@bamlawca.com**                                                                          **1004**

November 13, 2019
CA2026

### VIA ONLINE FILING TO LWDA AND CERTIFIED MAIL TO DEFENDANT

Labor and Workforce Development Agency          Carter's Retail, Inc.
Online Filing                                                        Certified Mail # 70191120000066523939
                                                                        Cogency Global Inc.
                                                                        1325 J Street, Suite 1550
                                                                        Sacramento, CA 95814

    Re:      Notice Of Violations Of California Labor Code Sections §§ 204, 210, 226(a), 226.7, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 1 1070(14) (Failure to Provide Seating), Violation of Applicable Industrial Welfare Commission Wage Order(s), and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

    "Aggrieved Employees" refers to all individuals who are or previously were employed by Defendant Carter's Retail, Inc. in California and classified as non-exempt employees during the time period of November 13, 2018 until a date as determined by the Court. Our offices represent Plaintiff Nathan Christensen ("Plaintiff"), and other Aggrieved Employees in a lawsuit against Defendant Carter's Retail, Inc. ("Defendant"). Plaintiff has been employed by Defendant in California since November of 2015 as a non-exempt employee entitled to the legally required meal and rest breaks and payment for all time worked under Defendant's control. Defendant, however, unlawfully fails to record and pay Plaintiff and other Aggrieved Employees for all of their time worked, including minimum and overtime wages, and for all of their missed meal and rest breaks. Plaintiff further contends that Defendant fails to provide accurate wage statements to him, and other Aggrieved Employees, in violation of California Labor Code section 226(a). Additionally, Plaintiff contends that Defendant fails to comply with Industrial Wage Order 7(A)(3) in that Defendant fails to keep time records showing when Plaintiff begins and ends each shift and meal period. Further, in connection with Plaintiff's job as a non-exempt employee, Plaintiff regularly works behind a counter, as do other non-exempt employees. Plaintiff performs tasks that reasonably permit sitting, and a seat would not interfere with Plaintiff's performance of any of his tasks that may require him to stand. Defendant fails to provide Plaintiff and other Aggrieved Employees with suitable seats. Said conduct, in addition to the foregoing, as well as the conduct alleged in the incorporated Complaint, violates Labor Code

§§ 201, 202, 203, 204, 210, 226(a), 226.7, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 1 1070(14) (Failure to Provide Seating), Violation of the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code section 2699.3.

A true and correct copy of the Complaint by Plaintiff against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiff, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (iv) sets forth the illegal practices used by Defendant, is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable Plaintiff to proceed with the Complaint against Defendant as authorized by California Labor Code section 2695, *et seq*. The filing fee of $75 is being mailed to the Department of Industrial Restations Accounting unit with an identification of the Plaintiff, the Defendant and the notice. The lawsuit consists of other Aggrieved Employees. As counsel, our intention is to vigorously prosecute the claims as alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all Aggrieved Employees.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

/s/ *Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

K:\D\Dropbox (NBB)\Pending Litigation\Carter's Retail, Inc. - Christensen\l-paga-01.wpd