TIMOTHY B. DEL CASTILLO (SBN: 277296)
tdc@castleemploymentlaw.com
LISA L. BRADNER (SBN: 197952)
lb@castleemploymentlaw.com
**CASTLE LAW: CALIFORNIA EMPLOYMENT COUNSEL, PC**
2999 Douglas Blvd, Suite 180
Roseville, CA 95661
Telephone: (916) 245-0122

**RICHARDSON EMPLOYMENT LAW, P.C.**
DANIEL E. RICHARDSON (SBN 289327)
dr@richardsonemploymentlaw.com
2281 Lava Ridge Ct., Suite 200
Roseville, CA 95661
Telephone: (916) 333-7959 | Fax: (916) 333-7916

Attorneys for Plaintiffs
NATHAN CHRISTENSEN AND ISABELLA FULLI
*Additional Counsel on Following Page.*

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN CHRISTENSEN and ISABELLA FULLI, individually and on behalf of all persons similarly situated,<br>　　　　Plaintiffs,<br>　v.<br>CARTER'S RETAIL, INC., a Corporation; and Does 1 through 50, Inclusive,<br>　　　　Defendants. | Case No. 8:20−cv−00776−HDV−KES<br><br>*Assigned to the Honorable Hernán D. Vera*<br><br>**ORDER GRANTING**<br><br>**(1) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND**<br><br>**(2) ENTERING FINAL JUDGMENT** |

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (SBN 068687)
Kyle R. Nordrehaug (SBN 205975)
Aparajit Bhowmik (SBN 248066)
Victoria B. Rivapalacio (SBN 275115)
Charlotte E. James (SBN 308441)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiffs
NATHAN CHRISTENSEN AND ISABELLA FULLI

On **December 4, 2025**, a hearing was held on the motion of Plaintiffs Nathan Christensen and Isabella Fulli ("Plaintiffs" for final approval of the class settlement (the "Settlement") with Defendant Carter's Retail, Inc. ("Defendant") and payments to the Class, the Aggrieved Employees, Plaintiffs, Class Counsel, and the Settlement Administrator.

The Parties have submitted their Settlement, which this Court preliminary approved by its July 2, 2025, order (Doc. No. 105) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, enters this Order and Judgment, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Class and Representative Action Settlement Agreement and Release ("Agreement");

2. The Court has jurisdiction over this Action and the Settlement pursuant to 28 U.S.C. sections 1131 and 1367. The Court finds that the Class Action Fairness Act ("CAFA") Notice has been served as required by the CAFA, 28 U.S.C. § 1711 *et seq*.

3. In the Preliminary Approval Order, this Court certified the Class for settlement purposes only. For settlement purposes, the Court confirms the certification of the Class which is defined as "all current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California during the Class Period." The Class Period is defined as the time period from March 26, 2020 through July 2, 2025. All persons who meet the foregoing definition are members of the Class, except for those individuals who filed a valid request for exclusion ("opt-out") from the Class.

4. Pursuant to the Preliminary Approval Order, the *Notice of Class Action Settlement*

("Class Notice") was sent to each class member by first-class mail. The Class Notice informed Class Members of the terms of the Settlement, their right to take part in the Settlement; their right to object to the Settlement and/or the attorneys' fees and costs; their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear at the final approval hearing.

5. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of Class Members. The Court finds and determines that the Class Notice provided in this case was the best notice practicable, which satisfied the requirement of law and due process.

6. **Zero (0)** Class Members filed written objections to the proposed settlement as part of the notice process.

7. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member and that the Participating Class Members will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to consummated.

8. The Court finds and determines that the all-inclusive Gross Settlement Amount in the maximum amount of Six Hundred Sixty Thousand Dollars ($660,000.00) and that the Class Payments to the Participating Class Members as provided for by Settlement are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts be distributed to the Participating Class Members out of the Net Settlement Amount in accordance with the Agreement. Pursuant to the terms of the Agreement, the Settlement Administrator is directed to make the payments to each Participating Class Member.

9. The Court finds and determines that the fees and expenses of Simpluris, Inc. in administrating the settlement, in the amount of $23,123, are fair and reasonable. The Court hereby grants final approval to and orders that the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Agreement.

10. The Court approves the Private Attorneys General Act ("PAGA") Payment of $160,000, of which $120,000 shall be allocated to the Labor & Workforce Development Agency ("LWDA") as the LWDA's share of the settlement of civil penalties paid under this Agreement pursuant to the PAGA ( the "LWDA Payment"), and $40,000 to be distributed to the Aggrieved Employees based on their respective pay periods worked during the PAGA Period (March 16, 2019 to July 2, 2025). The "Aggrieved Employees" are all current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the PAGA Period. All Aggrieved Employees will be sent their share of the PAGA Payment and will be subject to the release of the Released PAGA Claims as set forth below, whether or not they opt out of the Settlement.

11. The Court finds and determines that the request by Plaintiffs and Class Counsel to the Class Representative Service Payments and the attorneys' fees and costs pursuant to the Agreement are fair and reasonable. The Court hereby grants final approval to and orders that the payment of the amount of $7,500 to each of the Plaintiffs for their Class Representative Service Payments, $231,000 for attorneys' fees to Class Counsel, and $64,751.27 for reimbursement of costs be paid out of the Gross Settlement Amount in accordance with the Settlement.

12. Upon the Effective Date, Defendant and the Released Parties shall be released by the Participating Class Members of all Released Class Claims. "Released Class Claims" are any and all claims, rights, demands, liabilities and causes of action, whether known or unknown, that were asserted or that reasonably could have been asserted based on the facts alleged in the operative complaints in the Actions during the Class Period, including but not limited to, any and all claims for failure to pay wages, failure to provide meal or rest periods, failure to pay premiums at the regular rate, failure to reimburse business expenses, claims under California Labor Code §§ 201-204, 210, 226, 226.7, 510, 512, 558, 1174, 1194, 1197, 1197.1, 1198, 2800, 2802, any applicable California Industrial Welfare Commission Wage Order, California Code of Regulations, tit. 8, § 11070(14), the California Unfair Competition Law, California Business & Professions Code §§ 17200, et seq., and any remedies for any of the claims described herein, including, damages, penalties, restitution, declaratory relief, equitable or injunctive relief, interest, attorneys' fees and costs.

13. As of the Effective Date, Defendant shall receive a release from Plaintiff, the State of California (including the LWDA), and all Aggrieved Employees of any and all PAGA claims for civil penalties, whether known or unknown, that were asserted or that reasonably could have been asserted based on the facts alleged in the operative complaints in the Actions during the PAGA Period, including but not limited to PAGA claims premised upon violation of California Labor Code §§ 201-204, 210, 226, 226.7, 510, 512, 558, 1174, 1194, 1197, 1197.1, 1198, 2800, 2802, any applicable California Industrial Welfare Commission Wage Order, California Code of Regulations, tit. 8, § 11070(14), or PAGA claims premised upon violations that are otherwise covered by the Released Class Claims.

14. Pursuant to the terms of the Agreement, Plaintiffs generally release and forever discharge the Released Parties, to the fullest extent permitted by law, of and from any and all claims, known and unknown, asserted and not asserted, which Plaintiffs have or may have against the Released Parties as of the date of execution of the Agreement. For the purpose of implementing a full and complete release and discharge of the Released Parties, Plaintiffs expressly waive all rights provided by California Civil Code § 1542, or any other similar provisions of applicable law, which are as follows: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

15. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Defendant makes payment in accordance with the Agreement.

16. If, for any reason, the Effective Date (as defined by the Agreement) does not occur, this Order will be vacated; the Parties will return to their respective positions in this action as those positions existed before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

17. The Parties entered into the Settlement solely for the purpose of compromising and

settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiffs and/or the Class, individually or collectively, all such liability being expressly denied by Defendant.

18. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

19. Each side will bear its own costs and attorneys' fees except as provided by the Agreement and this Order.

20. By this Order, this Court hereby enters final judgment in this action.

21. The Parties are hereby ordered to comply with the terms of the Agreement.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

DATED:  December 29, 2025

                                                   HONORABLE HERNÁN D. VERA
                                                   U.S. DISTRICT JUDGE